OPINION
Darryl Kinney appeals from his conviction and sentence for assault.
Darryl Kinney was charged by complaint in Dayton Municipal Court with one count of assault and one count of menacing. Following a trial, Kinney was acquitted of menacing but found guilty of assault. Kinney filed a motion for a new trial claiming that the prosecutor had withheld evidence favorable to him. The trial court denied Kinney's request for a new trial, and subsequently sentenced him according to law.
Darryl Kinney has timely appealed to this court. Kinney has failed to include in the record on appeal a transcript of the trial proceedings. That defect is fatal to the claims of error Kinney presents in his appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT WAS INCORRECT, AS A MATTER OF LAW, IN DENYING A MOTION FOR NEW TRIAL, BECAUSE THE PROSECUTION HAD WITHHELD EXCULPATORY EVIDENCE FROM DEFENDANT-APPELLANT.
Darryl Kinney argues that the trial court erred in denying his motion for a new trial. Kinney's new trial request is premised upon misconduct by the prosecutor. Crim.R. 33(A)(2). Specifically, Kinney alleges that the prosecutor violated his rights to due process of law by withholding evidence favorable to him that was material to his guilt or innocence.
Evidence which is favorable to an accused or exculpatory in nature is material only if there exists a reasonable probability that, had the evidence been disclosed to the defense, the result of the trial would have been different. State v. Johnston (1988),39 Ohio St.3d 48. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
During discovery, the prosecutor provided Kinney with the names of the City's potential witnesses. Included on that list was Mr. McCarty, whom the City did not call as a witness at Kinney's trial. Kinney now alleges that McCarty possessed information favorable to him that the City failed to disclose. That information, which is contained in McCarty's affidavit, consists of McCarty's statements that: "he did not see Mr. Kinney strike the complainant," and "the complainant was extremely intoxicated on the evening of the alleged assault."
Kinney failed in this appeal to include in the record a transcript of the trial proceedings. We cannot adjudicate this claimed error and determine if the evidence allegedly withheld was favorable to Kinney, and assess the materiality or probable impact of that evidence on this trial, without reviewing the evidence that was presented at trial.
The Ohio Supreme Court made clear in Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, that when portions of the trial transcript necessary for resolution of the assigned error are omitted from the record on appeal, an appellate court must presume the regularity and validity of the lower court's proceedings and affirm its judgment:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Kinney's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE MANIFEST WEIGHT OF THE AVAILABLE EVIDENCE ACQUITTED DEFENDANT-APPELLANT, BECAUSE IT WAS SHOWN AT TRIAL THAT MR. KINNEY WAS AN INNOCENT BYSTANDER ON THE NIGHT IN QUESTION.
Kinney argues that the guilty verdict is not supported by the manifest weight of the evidence. According to Kinney, the weight of the evidence establishes reasonable doubt about his guilt by demonstrating that he was not in the immediate vicinity where the assault took place, and he had no motive to assault this victim.
Kinney cannot demonstrate on appeal that the verdict finding him guilty is contrary to the weight of the evidence when he has failed to provide a transcript of the trial proceedings as part of the record on appeal. Ostrander v. Parker-Fallis Insulation Co.
(1972), 29 Ohio St.2d 72; Knapp v. Edwards Laboratories, supra;Hartt v. Munobe (1993), 67 Ohio St.3d 3; Lacy v. White (December 12, 1997), Champaign App. No. 97-Ca-4, unreported.
Kinney's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO TRIAL BY JURY WAS INFRINGED, WHEN THE PROSECUTION ASSUMED THE POSITION OF FACT FINDER.
Kinney claims that his constitutional right to a jury trial was violated in this case. This argument is premised upon the fact that when the trial court denied Kinney's motion for a new trial, it observed that while the prosecutor had provided Kinney before trial with the name of Mr. McCarty as a potential witness, the prosecutor subsequently elected not to call McCarty as a witness at trial because the prosecutor believed McCarty's testimony would neither incriminate nor exonerate Kinney. This observation by the trial court, Kinney now argues, demonstrates that the trial court abdicated its role as the trier of fact, and improperly allowed the prosecutor to assume that role and determine the significance of the evidence.
Kinney has failed to direct this court's attention to anything in the record which even remotely suggests, much less demonstrates, that the trial court abdicated its role as the trier of fact during the trial. It is not the trial court's duty to decide for the parties what evidence they should present at trial relative to their respective positions on the issues. Moreover, we simply do not see the sinister correlation that Kinney suggests between the trial court's explanation of why the facts and circumstances in this case do not demonstrate misconduct by the prosecutor in improperly withholding exculpatory evidence, and the trial court's consideration and assessment of the witnesses and testimony presented at Kinney's trial some two weeks earlier.
This assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Jonathan C. Turner, Esq.
David H. Landon, Esq.
Acting Judge Thomas Hagel