OPINION
This case arises out of a dispute about home improvement services performed by Plaintiff-Appellee, Earl C. Sylvain on the Defendant-Appellant, Walter Hickman's home. Sylvain contends that the services contracted for were completed in a satisfactory manner and Hickman refused to pay him in full for the work. On the other hand, Hickman argues the work was not completed, nor performed in a satisfactory manner and thus, he counterclaimed for damages., Appellant did not provide a trial transcript in this case; however, one was provided to this court by Appellee on the day of oral argument. The facts are still rather sketchy. It appears the parties entered an oral contract for Sylvain to perform several tasks in Hickman's home, including installation of kitchen cabinets which entailed plumbing and electrical work. Sylvain stated that a $1500 down payment was made on January 23, 1999 after a portion of the work had been completed. Evidently, the remaining balance of $2085.49 was to be paid upon completion of the work. This payment was never made.
Sylvain contends that while in the process of completing the original job, Hickman asked him to perform other tasks around his home, all of which were completed. Conversely, Hickman claims Sylvain did not complete any of the work he attempted in a satisfactory manner, which is the basis of his counterclaim. Further, Sylvain submits that both the plumber and electrician completed their work in a satisfactory manner and he should be paid accordingly in order to pay these subcontractors. The plumber is allegedly owed $870.00, while the electrician is owed $976.00. Hickman has not raised any issues with the workmanship of either the plumber or the electrician.
After trial in the Small Claims Division of the Dayton Municipal Court, the Magistrate and Judge signed a decision and entry stating in full:
 This small claim action was tried on JUNE 30, 1999, at 8:30 A.M. before the undersigned upon the cause stated in the claim.
THE COURT FINDS:
 That the plaintiff has proved his case by a preponderance of the evidence adduced at the time of trial. IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that Plaintiff recover of Defendant, Walter Hickman, by set off the principal sum of $1,231.64, with interest at 10% per annum from the 30TH day of JUNE, 1999 plus costs., Defendant Loraine Hickman aka Loraine White dismissed from suit.
 Further Ordered Judgment to Plaintiff on Defendant's counterclaim.
Hickman appeals this decision of the trial court, and in his brief, the following claims are made which resemble assignments of error:
 Failed to review testimony presented by Defendant /Plaintiff [sic].
 Failed to consider my rights under the Consumers Protection Act.
 Failed to acknowledge testimony photos of damage to materials purchased by the Defendant.
 Failure to investigate testimony given to show misrepresentation.
All four assignments of error cited by Hickman require this court to examine the record to determine whether they have merit. In other words, all four could be classified as claims that the judgment was against the manifest weight of the evidence. When a party asserts error by the trial court, he has the burden to refer to parts of the record which support his assignments of error.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197; App.R. 9(B). Further, if the error asserted is that the judgment is against the manifest weight of the evidence, the appellant must file in the court of appeals all relevant portions of the trial transcript.Id., citing App.R. 9(B); Ostrander v. Parker-Fallis InsulationCo. (1972), 29 Ohio St.2d 72. Failure to file a transcript in these cases is generally fatal to the appeal. Smart v. Nystrom
(1997), 119 Ohio App.3d 738, 741, citing Hartt, supra.
Moreover, App.R. 12(A)(2) provides that the appellate court may disregard an assignment of error if the appellant fails to identify the place in the record the error can be found. In the present case, there is no evidence that Appellant ever ordered a copy of the trial transcript for appeal. However, Appellee did provide this court with a copy of the trial transcript on the day of oral argument.
Since all of Appellant's assignments of error resemble manifest weight arguments, they will be addressed together. A reviewing court cannot reverse a trial court's decision as against the manifest weight of the evidence if the decision is based on competent and credible evidence. C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280. This deference is conferred upon a trial court based on its ability to observe witness "demeanor, attitude and credibility, something that does not translate well on the written page." Davis v. Flickinger (1997),77 Ohio St.3d 415, 418.
After reviewing the transcript, this court finds that the decision below was based on competent and credible evidence. Appellant made no particular complaints about either the plumber or the electrician in his testimony, and complained only that Appellee's workmanship declined toward the end of the job. The court below allowed for this potentially substandard workmanship and the failure to complete portions of the job by set-off in its damage award to Appellee. Accordingly, all four of Appellant's assignments of error are overruled. Judgment affirmed.
WOLFF, J., and YOUNG, J., concur.