JOURNAL ENTRY and OPINION
Mustapha Hamici, defendant-appellant, appeals from the judgment of the City of Lakewood Municipal Court, Case No. 98-CVI-2128, in which the trial court entered judgment in favor Richard Husarick, plaintiff-appellee, in the amount of $2,000. Defendant-appellant assigns four interrelated assignments of error for this court's review.
Defendant-appellant's appeal is not well taken.
On September 28, 1998, Richard Husarick, plaintiff-appellee, (hereinafter "plaintiff-appellee") filed a small claim complaint in Lakewood Municipal Court in which plaintiff-appellee alleged that Mustapha Hamici, defendant-appellant, (hereinafter "defendant-appellant") borrowed $2,000 from plaintiff-appellee to assist in the payment of business debt defendant-appellant had incurred while operating a laundromat located in Cleveland, Ohio. The loan was in the form of two (2) one thousand dollar personal checks from plaintiff-appellee to defendant-appellant dated April 10, 1998, and April 14, 1998, respectively. Plaintiff-appellee alleged further that defendant-appellant had failed to repay the loan in spite of a verbal and written request for repayment. Defendant-appellant, an Algerian immigrant, maintained that the money had been a gift from plaintiff-appellee given during a short time period where both men had been involved in a personal relationship.
The matter came on for hearing before a trial court magistrate on November 16, 1998. After an evidentiary hearing, the magistrate ruled in favor of plaintiff-appellee in the amount $2,000, plus interest, at a rate of ten percent per annum and court costs. On January 21, 1999, the trial court adopted the findings of fact and conclusions of law as set forth in the report of the magistrate.
On January 21, 1999, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION, OR IN THE ALTERNATIVE COMMITTED PREJUDICIAL ERROR, BY NOT CONSIDERING DEFENDANT'S MATERIAL OF EVIDENCE PRESENTED UPON TRIAL CASE, UNDER A FORM OF THE FIRST BANK CHECK, IN THE AMOUNT OF ONE THOUSAND DOLLARS, REMITTED BY PLAINTIFF TO DEFENDANT, ON WHICH BANK CHECK PLAINTIFF HAS NOT OMIT LOAN. WITH THIS SAID BANK CHECK, PLAINTIFF HAS FAILED TO SUBMIT TO DEFENDANT ANY KIND OF LOAN DOCUMENT, SUCH AS A LOAN CONTRACT OR LOAN PROMISE, REVEALING THIS LOAN OCCASION AND ITS REIMBURSEMENT CONDITIONS ON THIS OCCASION. (SIC.)
Defendant-appellant's second assignment of error states:
 II. UPON THE SECOND CHECK IN THE AMOUNT OF ONE THOUSAND DOLLARS REMITTED BY PLAINTIFF TO DEFENDANT, PLAINTIFF HAS OMIT LOAN, BUT WITH THIS SECOND BANK CHECK OCCASION, PLAINTIFF ENCLOSED A NOTICE TO DEFENDANT'S ATTENTION, SUCH NOTICE MAY REPRESENTS DEFENDANT'S MATERIAL OF EVIDENCE, DESCRIBING THE NATURE OF TWO THOUSAND DOLLARS REMITTED TO DEFENDANT, AND SUCH EVIDENCE REVEALS CLEARLY AN ABSENCE OF LOAN. IN THIS CASE, THE TRIAL COURT ABUSED ITS DISCRETION, OR IN THE ALTERNATIVE COMMITTED PREJUDICIAL ERROR, BY NOT CONSIDERING DEFENDANT'S BURDEN OF EVIDENCE CITED ABOVE, WHICH WAS SUBMITTED BY DEFENDANT UPON TRIAL CASE. (SIC.)
Defendant-appellant's third assignment of error states:
 III. UPON TRIAL CASE, PLAINTIFF SUBMITTED A SECOND FACT OF EVIDENCE, UNDER A FORM OF LETTER WRITTEN BY PLAINTIFF TO DEFENDANT, IN WHICH LETTER, PLAINTIFF DESCRIBES, DISPLAYS AND REVEALS ALL FUTURE OUT OF RANGE FINANCIAL ASSISTANCE THAT HE WAS CONSIDERING TO OFFER IN THE FAVOR OF DEFENDANT WITH ABSOLUTELY NO LOAN COMMITMENT, SIMILAR TO THE TWO THOUSAND DOLLARS THAT PLAINTIFF ALREADY OFFERED. THE ABOVE FACT OF EVIDENCE, REVEALS CLEARLY AN ABSENCE OF LOAN IN THIS OCCASION, AND MAY REPRESENT DEFENDANT'S BURDEN OF EVIDENCE. (SIC.)
Defendant-appellant's fourth and final assignment of error states:
 IV. THE TRIAL COURT ABUSED ITS DISCRETION, OR IN THE ALTERNATIVE COMMITTED PREJUDICIAL ERROR, BY NOT CONSIDERING DEFENDANT'S MATERIAL OF EVIDENCE CITED IN THE PARAGRAPHS OF ASSIGNMENT OF ERROR NO. 1, NO. 2 AND NO. 3. (SIC.)
Having a common basis in both law and fact, this court shall consider defendant-appellant's first, second, third and fourth assignments of error simultaneously. Defendant-appellant argues, through his four assigned errors, that the trial court improperly entered judgment in the amount of $2,000 in favor of plaintiff-appellee. Specifically, defendant-appellant maintains that the evidence presented at trial demonstrated that the money in question was not a loan, but rather a financial gift from plaintiff-appellee to defendant-appellant given while the men had been involved in a brief relationship. Defendant-appellant bases this assertion upon the fact that plaintiff-appellee failed to write the word loan on the first $1,000 personal check issued to defendant-appellant, as well as upon an unauthenticated letter purportedly sent from plaintiff-appellee to defendant-appellant which allegedly reveals plaintiff-appellee's philanthropic intent behind the alleged financial gift.
In the case sub judice, a review of the record demonstrates that all four of the assigned errors set forth by defendant-appellant require a review of the transcript of the lower court proceedings in order to examine the conduct of the trial and the testimony and exhibits presented before the magistrate. Defendant-appellant has failed to provide a transcript of the trial court hearing so that this court could review the matter in full. Pursuant to App.R. 9(B) and App.R. 10(A), it is defendant-appellant's duty to order and provide a transcript of the trial court proceedings to the reviewing court on appeal. If such a transcript is unavailable, defendant-appellant could have filed, in the alternative, either a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement of the record under App.R. 9(D). This was not done in the case herein.
Absent an adequate record, this court has held that a reviewing court is unable to evaluate the merits of an appellant's argument on appeal and a presumption of regularity attends the trial court's actions. Gibson v. Westfall (Oct. 7, 1999), Cuyahoga App. Nos. 74628, 74977, unreported; Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314, 549 N.E.2d 1237.
In Hartt v. Munobe (1993), 67 Ohio St.3d 3, 615 N.E.2d 617, the Ohio Supreme Court, in dealing with the issue of the necessity of a transcript to determine error on appeal, stated in pertinent part:
 An appellate court reviewing a lower court's judgment indulges a presumption of regularity of the proceedings below. See Rheinstrom v. Steiner (1904), 69 Ohio St. 452, 69 N.E. 745. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; App.R. 9(B). When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. App.R. 9(B); Ostrander v. Parker-Fallis Insulation Co.
(1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363.
Id. at 7; Gibson, supra, at 4.
In this instance, defendant-appellant did provide this court with a partial record from the trial court which included the magistrate's findings of fact and conclusions of law, an unauthenticated letter purportedly from plaintiff-appellee to defendant-appellant and the two canceled checks made out to defendant-appellant. However, defendant-appellant failed to provide this court with a copy of the transcript from the hearing before the magistrate without which this court is unable to accurately determine the merits of defendant-appellant's appeal. This is particularly true in light of defendant-appellant's assertion that the judgment of the trial court was somehow against the weight and sufficiency of the evidence. The report of the magistrate references testimony by plaintiff-appellee, as well as defendant-appellant, as to the nature of the underlying transaction. Since this court is unable to review that testimony, the presumption of regularity applies in this instance and the judgment of the trial court must be affirmed. Hartt, supra. In addition, a further review of the report of the magistrate reveals that, contrary to defendant-appellant's assertions, the magistrate did consider both canceled checks presented by defendant-appellant, as well as defendant-appellant's argument that the $2,000 was a gift from plaintiff-appellee. The mere fact that the magistrate did not agree with defendant-appellant's contentions did not invalidate the ultimate conclusion adopted by the trial court.
For the foregoing reasons, defendant-appellant's first, second, third and fourth assignments of error are not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE
 TERRENCE O'DONNELL, P.J., and JOHN T. PATTON, J., CONCUR.