LYNCH, D. B. A. THE LYNCH LUMBER AND SUPPLY CO., APPELLEE, *v.* DORAN, APPELLANT.

(No. 40809—Decided January 3, 1968.)

*Mr. Albert E. Savoy,* for appellee.
*Messrs. Dagger, Lantz & Johnston, Mr. William C. Dagger* and *Mr. Harry Kilburger,* for appellant.

*Per Curiam.* The Court of Appeals could not consider the weight of the evidence in this case without a complete bill of exceptions. There is no such bill here.

It was argued that, by reason of provisions of the second paragraph of Section 2321.05, Revised Code, it was the duty of appellee to present any evidence favorable to appellee if such evidence was not included in the appellant's bill of exceptions. That paragraph reads:

"If an appellant *inadvertently omits* a necessary part of the evidence or trial procedure *necessary for* a complete presentation of *his assignments of error,* or an appellee deems that a necessary part has been omitted, the Court of Appeals, upon motion filed before the appeal has been assigned for trial, accompanying such motion with that part of the record *inadvertently omitted,* or such as the appellee claims as necessary, may permit or direct such evidence or trial procedure properly certified by the trial court to be appended to the bill of exceptions previously filed." (Emphasis added.)

There is nothing in this language which imposes upon appellee any duty whatever to try to have added to the record anything except what may be "necessary for a complete presentation of [appellant's] * * * assignments of error * * *." Certainly, it imposes no duty on appellee to present to the Court of Appeals the remaining part of the evidence where the appellant has not assigned as an error that the finding of the trier of the facts was against the weight of the evidence.

Although the Court of Appeals erred in reversing on the weight of the evidence without a complete bill of exceptions, plaintiff is entitled to a ruling on his three assignments of error that were not passed upon by the Court of Appeals.

The judgment of the Court of Appeals is therefore reversed and the cause is remanded to that court for further action not inconsistent with this opinion.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.