OSTRANDER, APPELLEE, *v.* PARKER-FALLIS INSULATION CO.,
INC., APPELLANT; LAVELLE, APPELLEE.

(No. 71-146—Decided February 2, 1972.)

*Messrs. Donaldson, Colgrove, Cardinal & Freed* and
*Mr. John Cardinal*, for appellee.
*Messrs. Green, Cronquist & Smith* and *Mr. Jack F.
Smith*, for appellant.

*Per Curiam.* We agree entirely with appellant's proposition of law to the effect that, although an alleged master and servant may be joined in the same action by one injured by reason of a claimed wrong by the alleged servant, a joint judgment may not be rendered against both. *Larson* v. *Cleveland Ry. Co.* (1943), 142 Ohio St. 20.

However, the subsequent determination of appellant's liability to be secondary by the trial court, pursuant to R. C. 2307.191,* adequately preserved its "right of indemnification from the party primarily liable, in case . . . [it] is obliged to respond in damages." *Larson* v. *Cleveland Ry. Co., supra* (142 Ohio St. 20).

Appellant's second proposition of law, to the effect that where the respective liabilities of joint defendants are primary and secondary, plaintiff should be required to elect whether he will proceed against the party primarily liable or the party secondarily liable, is erroneous. It falls of its own weight because its foundation, *i. e.*, the rule that such defendants may not be joined, was overruled in this state by the enactment of R. C. 2307.191. See *Darling* v. *Home Gas & Appliances* (1963), 175 Ohio St. 250.

---

*Repealed effective July 1, 1971. The text of the statute is now incorporated practically verbatim in Civil Rule 20(A) which reads as follows:

"Rule 20. Permissive joinder of parties

"(A) Permissive joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

74

Finally, appellant contends that the evidence adduced at trial was insufficient to establish that Lavelle was acting in the course and scope of his employment. However, appellant filed only a partial bill of exceptions in the Court of Appeals. It was not certified as containing all of the evidence adduced on the issue of respondeat superior. In effect, appellant would have us shift the burden to appellee to complete the partial bill of exceptions when the challenge goes to the insufficiency of the evidence to support the judgment upon a particular issue. This is not the rule. See *Lynch* v. *Doran* (1968), 13 Ohio St. 2d 9, 10. Cf. *State, ex rel. Eges,* v. *Corlett* (1940), 137 Ohio St. 19.

The correct rule has been incorporated in Appellate Rule 9 with even greater specificity as follows: "If the appellant intends to urge on appeal that a finding or conclusion is *unsupported by the evidence* or is contrary to the weight of the evidence, he shall include in the record a transcript of *all* evidence relevant to such findings or conclusions." (Emphasis supplied.)

The Court of Appeals was correct in stating: ". . . in the absence of a complete bill of exceptions, this court has no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court."

*Judgment affirmed.*


O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

BROWN, J., not participating.