PEPPERS et al., Appellants,

v.

BEIER et al., Appellees.

[Cite as *Peppers v. Beier* (1991), 75 Ohio App.3d 420.]

Court of Appeals of Ohio,
Seneca County.

No. 13–90–22.

Decided Aug. 5, 1991.

*Spitler & Williams–Young Co., L.P.A.,* and *Marc G. Williams–Young,* for appellants.

*Alan E. Johnson* and *John Hadacek,* for appellees.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from the judgment of the Court of Common Pleas of Seneca County granting a motion for summary judgment in favor of the Mayor, city council members, and Director of Public Service and Safety for the city of Fostoria.

In 1982, the City Council of Fostoria passed emergency Ordinance No. D–160, which authorized the Mayor to negotiate and sign a "Cooperative Agreement for Construction, Maintenance and Operation of an Upground Reservoir" with the Ohio Department of Natural Resources. The agreement was executed on December 1, 1982.

On May 19, 1987, emergency Ordinance No. D–543 was passed, authorizing the city of Fostoria to retain the services of Emens, Hurd, Kegler & Ritter for the purpose of acquiring land for construction of the reservoir. Resolution No. 88–45 was passed by the city council on August 2, 1988, declaring the necessity of, and determining to proceed with, the construction and financing of the reservoir. Ordinance No. 88–58 was enacted on September 20, 1988, authorizing the city to employ Floyd Brown and Associates, Inc. as engineers for construction of the reservoir. With the enactment of Ordinance No. 88–67 on November 1, 1988, $94,500 was appropriated for construction of the reservoir. Ordinance No. 89–28 enacted on May 16, 1989 authorized the Director of Public Service and Safety to advertise for bids and enter into a contract for the purchase of a performance bond to be given to the state of Ohio for construction of the reservoir. On June 6, 1989, Ordinance No. 89–31 appropriated a parcel of land for the construction of the reservoir. Ordinance No. 89–52, enacted on August 29, 1989, authorized the Director of Public

Service and Safety to advertise for bids and enter into contracts for the construction of the reservoir.

Plaintiff-appellants, Edward J. Peppers and Harold Anderson, and others created the Concerned Citizens Committee. The Committee filed two initiative petitions in order to repeal Resolution No. 88–45 declaring the necessity of the reservoir and Ordinance 89–28 authorizing the Director of Public Service and Safety to advertise for bids and contract for a performance bond. The initiative petitions were placed on the ballot for the November 7, 1989 election and each was passed. On December 5, 1989, the city council passed emergency Ordinance No. 89–71 declaring the necessity of issuing bonds of the city for the purpose of constructing a new upground water storage reservoir. On April 2, 1990, appellants, Edward Peppers and Harold Anderson, filed a complaint for injunctive relief and recovery of public funds. The complaint was dismissed upon defendant-appellees' motion for summary judgment on August 28, 1990. It is from this judgment that the appellants now appeal, asserting five assignments of error.

Appellants' first assignment of error is:

"The trial court erred in its ruling that the initiated ordinances are unconstitutional in that they impair the obligation of contracts entered into prior to November 7, 1989, and thus erred by granting defendant-appellees summary judgment."

We have carefully reviewed the motions for summary judgments, briefs in opposition, appellate briefs and applicable case law. Specifically, we apply the test and holding of the Ohio Supreme Court case *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 25 OBR 125, 495 N.E.2d 380, and find pursuant to the rule of that case that the initiated ordinances here in question are unconstitutional in that they impair the obligation of contracts entered into by the city.

The facts in this case and *Ferguson* are strikingly similar. Just as the citizens of Middletown attempted to prevent the construction of a road, now citizens of Fostoria are attempting to prevent the construction of a new reservoir. Although referendum was available to the appellants in this case, unlike *Ferguson*, the procedure for referendum was not used. Rather, the procedure to initiate ordinances was utilized.

Appellants argue that the initiated ordinances do not impair the obligation of contract but merely require the city officials to breach certain contracts. Appellants' argument is a difference without distinction. Refusal to perform a contract does not raise a constitutional issue, but use of legislative authority to impair a contract creates a constitutional claim. *Ferguson*, 25 Ohio St.3d at 76, 25 OBR at 130, 495 N.E.2d at 384. In the case

before us, a law was enacted by the voters of Fostoria to prevent the city from fulfilling the contracts previously entered into for the purpose of constructing the reservoir. The effect of the initiated ordinances was to repeal the resolution of necessity and the ordinance authorizing a performance bond. This amounted to a substantial impairment of the city's right to contract.

■ However, "[a] law substantially impairing the obligations of a contract 'may be constitutional if it is reasonable and necessary to serve an important public purpose.' " *Ferguson,* 25 Ohio St.3d at 79, 25 OBR at 132, 495 N.E.2d at 387, quoting *United States Trust Co. v. New Jersey* (1977), 431 U.S. 1, 25, 97 S.Ct. 1505, 1519, 52 L.Ed.2d 92, 111. The record is silent about the purpose perceived by the members of the public who wished to halt construction of the reservoir. It is the responsibility of the appellants to ensure that the record contains sufficient evidence to sustain an assignment of error. In the absence of evidence setting forth the public purpose for impairing the contractual obligations of the city, we must assume there was none and that the judgment of the trial court is correct. See App.R. 9; *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365. Therefore, there is no sufficient basis for this initiated ordinance to withstand the stringent test under the Contract Clause. Appellants' first assignment of error is overruled.

■ Appellants' second assignment of error is:

"The trial court erred in its ruling that the initiated ordinances are legally ineffective in that they do not relate to the 'first ordinance or other measure' and thus erred by granting defendant-appellees summary judgment."

R.C. 731.30 in effect states that when a legislative authority is required to pass more than one ordinance to make and pay for any public improvement, repeal of the legislation for the improvement is required only for the first ordinance or other measure required to be passed and not for any subsequent ordinances and other measures.

The trial court determined that Ordinance No. D–160, authorizing the mayor to enter into the cooperative agreement for construction with the Ohio Department of Natural Resources, and Ordinance No. D–543, authorizing the city to retain the law firm of Emens, Hurd, Kegler & Ritter, were both prior ordinances requiring revocation. The trial court held essentially that the initiated ordinances repealed the wrong enabling ordinances and were therefore ineffective. We disagree. The first ordinance stating the necessity of constructing the reservoir was Resolution No. 88–45. Pursuant to R.C. 731.30 this was the first ordinance or measure passed in the series of ordinances

necessary to complete the public improvement and was the proper ordinance to be attacked by the appellants' initiated ordinance. Appellants' second assignment of error is sustained; however, in light of the analyses and demonstration of appellants' first, third, fourth and fifth assignments of error, the trial court's legal error in this respect is harmless and without prejudice to appellants.

■ Appellants' third assignment of error is:

"The trial court erred in its ruling that the initiated ordinances were legally superseded by subsequent municipal legislation and thus erred by granting defendant-appellees summary judgment."

On December 5, 1989, the city council passed emergency Ordinances Nos. 89–71 and 89–72, declaring the necessity for the issuing of $3,000,000 in bonds for the purpose of constructing a new upground water storage reservoir and for retaining the law firm of Squire, Sanders & Dempsey to accomplish the sale of the bonds.

Appellants ask this court to adopt a two-part test for determining if a later statute or ordinance repeals a former statute or ordinance by determining first if there is a "direct conflict" and, if so, if the effect is to revise the "whole subject matter" of the former Act. However, this is not now the law of Ohio and will not be adopted as the law by this court.

■ The law of Ohio is as follows:

"If * * * a statute is in clear conflict with existing legislation upon the same subject-matter, effect must be given to the later act, even if the result is to repeal by implication the older statute. It is also a well-known rule of construction that where a statute purports to revise the whole subject-matter of a former act and thereby evidences the fact that it is intended as a substitute for the former, although it contains no express words to that effect, it operates as a repeal of the former law." *Goff v. Gates* (1912), 87 Ohio St. 142, 149, 100 N.E. 329, 331.

Furthermore, "in the absence of provisions to the contrary, contained either in the state Constitution or state law curbing or limiting the power of council, there is no inhibition prohibiting the city council of a non-charter city from amending or repealing an initiated ordinance * * *." *State ex rel. Singer v. Cartledge* (1935), 129 Ohio St. 279, 287, 2 O.O. 194, 197, 195 N.E. 237, 240.

There has been no assertion by the appellants that there was any constitutional, state law, or charter provision prohibiting the city council from repealing the initiated ordinance. Even though Ordinances Nos. 89–71 and 89–72 were not as specific as the appellants would have liked in stating the purpose of repealing the initiated ordinances, the effect of the subsequent ordinances

was the same and the repeal by implication is sufficient to permit the city council to proceed with the construction of the reservoir.

" 'Statutes proposed and enacted by the people are subject to the same constitutional limitations as legislative statutes, and after their adoption they exist at the will of the legislature just as do other laws.' " *Singer,* 129 Ohio St. at 283–284, 2 O.O. at 196, 195 N.E. at 239. Municipalities are permitted to safeguard their initiated legislation by adopting a charter or by defeating in elections council members who fail to listen to the wishes of the people as expressed in initiated legislation. *Singer,* 129 Ohio St. at 285, 2 O.O. at 196, 195 N.E. at 239. Appellants' third assignment of error is overruled.

■ Appellants' fourth assignment of error is:

"The trial court erred in its ruling that the statute of limitations bars plaintiff-appellants' action and thus erred by granting defendant-appellees summary judgment."

R.C. 733.60 states:

"No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds."

In their prayer for relief as filed in the original complaint in this action, the appellants asked the court to "enjoin defendants and any persons acting in concert with them from taking any further action towards the construction or appropriation of public funds for Reservoir No. 6 Project." The relief sought by appellants specifically asks the court to prevent any and all action in the furtherance of the construction of the reservoir. This prayer for relief by its language and intent must include the contracts entered into prior to April 2, 1990, as they are part of the plan for construction of the reservoir. Therefore, there was no error in the trial court's determination that the complaint requested action barred by the applicable one-year statute of limitations set forth in R.C. 733.60. Appellants' fourth assignment of error is overruled.

Appellants' fifth assignment of error is:

"The trial court erred in denying plaintiff-appellants' motion for summary judgment."

"App.R. 16 sections (A)(2) and (A)(4) require Appellant to set forth in his brief a statement of the assignments of error presented for review with arguments containing the contentions with citations to the authorities, statutes and parts of the record relied on to support them.

"Local rules 7(A) and 7(B) require assignments of error to be stated with specificity of the error claimed and not in general terms.

"Concomitantly, App.R. 12(A) requires this court to determine the appeal on its merits on the assignments of error set forth in the appellant's brief, as those errors are specifically pointed out in the record and are argued." *In re Appeal of Single Cty. Ditch No. 1128* (Jan. 12, 1990), Allen App. No. 1–88–20, unreported, 1990 WL 4251.

The appellants have failed here to present a specific assignment of error supported by the record and have instead asked us to review the four previous assignments of error. Rather than summarily dismissing appellants' fifth and final assignment of error we will address the merits.

Civ.R. 56(C) states that a summary judgment shall be rendered if all the evidence shows that there is no genuine issue as to any material fact and that after construing the evidence most strongly in favor of the nonmoving party reasonable minds must conclude that the moving party is entitled to judgment as a matter of law. We have carefully reviewed all the pleadings, affidavits, motions, and memoranda submitted in this case. We conclude, as did the trial court, that no genuine issue of material fact exists and that when we construe the evidence in a light most favorable to the appellants the appellees are entitled to judgment as matter of law. Appellants' fifth assignment of error is overruled.

Finding no error of the trial court prejudicial to appellants, for the reasons stated above and upon the authorities cited and discussed, we affirm the judgment of the Court of Common Pleas of Seneca County.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.