OPINION
Meg and David Tucker, plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-311184, in which a jury returned a verdict in favor of Wal-Mart Stores, Inc., defendant-appellee, on plaintiffs-appellants' personal injury and loss of consortium claims. Plaintiffs-appellants assign a single error for this court's review.
Plaintiffs-appellants' appeal is not well taken.
On January 31, 1995, Meg Tucker, plaintiff-appellant, was injured when a display of paint cans allegedly tipped over causing a can of paint to fall off the shelf onto Mrs. Tucker's right foot resulting in injuries to her foot and toes. Mrs. Tucker maintained that the display had shifted as she was reaching for one of the samples. She maintained further that her injuries were caused by Wal-Mart's negligence in allowing a dangerous condition to exist on the premises. Wal-Mart contended that Mrs. Tucker had been improperly standing upon one of display shelves at the time and that her own actions were responsible for the falling paint can. Approximately two months after the injury, Mrs. Tucker received a bone scan of both feet. The scan apparently revealed that Mrs. Tucker suffered from arthritic changes in her feet that were not caused by the alleged underlying injury.
On July 1, 1996, plaintiffs-appellants brought suit against Wal-Mart alleging that Wal-Mart's negligence had caused Mrs. Tucker's personal injuries. David Tucker also alleged an attendant loss of consortium claim. On September 5, 1996, Wal-Mart filed its answer in which it denied all substantive allegations contained in the complaint. During discovery, Wal-Mart received the results of Mrs. Tucker's bone scan.
The case was ultimately tried to a jury. During closing arguments, defense counsel referred to the bone scan report which indicated that Mrs. Tucker's injuries were not the result of a fracture, but rather arthritic changes present in both Mrs. Tucker's feet. Plaintiffs-appellants' counsel objected to the reference, but, after a sidebar discussion, the trial court permitted defense counsel to continue. At the conclusion of the trial, the jury returned a unanimous verdict in favor of Wal-Mart on both plaintiffs-appellants' causes of action.[1]
On April 1, 1998, plaintiffs-appellants filed a timely notice of appeal from the judgment of the trial court.
Plaintiffs-appellants' sole assignment of error states:
 I. APPELLANT MEG TUCKER WAS UNDULY PREJUDICED WHEN APPELLEE, DURING CLOSING ARGUMENTS, IMPROPERLY PRESENTED AND COMMENTED UPON A MEDICAL REPORT THAT HAD NOT BEEN INTRODUCED INTO EVIDENCE AT TRIAL.
Plaintiffs-appellants argue, through their sole assignment of error, that the bone scan report regarding Mrs. Tucker's feet was improperly commented upon before the jury during closing arguments. Specifically, plaintiffs-appellants maintain that the bone scan results were never introduced into evidence at any time during trial and, therefore, could not be referred to for any reason during closing arguments. It is plaintiffs-appellants' position that, by allowing defense counsel to comment upon the bone scan results, the trial court essentially permitted Wal-Mart to impeach Mrs. Tucker's testimony without affording plaintiffs-appellants the opportunity for cross-examination or the opportunity to call additional witnesses to testify regarding the issue. Plaintiffs-appellants claim defense counsel's tactics amount to prejudicial trial by ambush, which should not be condoned by this court.
As previously noted, that transcript currently before this court is only a partial transcript and does not contain jury instructions, plaintiffs-appellants' closing argument, the sidebar discussions between the trial court and trial counsel, the admission of the trial exhibits or any of the trial court's evidentiary rulings made on the record during the lower court proceedings. It is well established that error will not be presumed, but must appear affirmatively on the record. Moreover, it is the appellant's burden to demonstrate that error has in fact occurred otherwise, a presumption of validity and regularity attaches to the proceedings below. Dillingham v. Woodlawn (1993),86 Ohio App.3d 54, 57, 619 N.E.2d 1152, 1155; City of Cleveland v.Rhoades (Oct. 10, 1996), Cuyahoga App. No. 70021, unreported. When a situation exists where portions of the trial court transcript necessary for resolution of the assigned errors are omitted from the appellate record, the reviewing court has nothing to pass upon and, therefore, as to those assigned errors, the court has no alternative but to presume the validity of the lower court proceedings and affirm the judgment of the trial court. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, 385; Ostrander v. Parker-Fallis Insulation Co. (1972),29 Ohio St.2d 72, 74. 278 N.E.2d 363, 365.
Based upon the limited appellate record presented, this court is left with no alternative but to apply the presumption of regularity to the trial court proceedings and affirm the judgment of the trial court. See Benoke v. Monsanto Co. (June 15, 1989), Cuyahoga App. No. 54854, unreported. Without, at the very least, a transcript that reflects the trial court's evidentiary rulings, jury instructions and the parties submission of trial exhibits, this court cannot now say that error occurred during defendant-appellee's closing argument when the trial court permitted defense counsel's reference to the results of Mrs. Tucker's bone scan. SeeWells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 286,680 N.E.2d 1046, 1050.
In addition, a review of the underlying jury verdict in this matter demonstrates that, in all likelihood, any alleged error by the trial court would not have been prejudicial to plaintiffs-appellants. The limited record on appeal clearly demonstrates that a defense verdict was returned by the jury. The disputed remark in closing argument by defense counsel related directly to Mrs. Tucker's injuries. It is apparent from the jury's verdict that the panel chose to believe Wal-Mart's version of events at trial, rather than Mrs. Tucker's testimony. Therefore, finding Mrs. Tucker at fault, any subsequent medical evidence becomes secondary to the ultimate jury determination and any reference to such evidence would not constitute reversible error. See Stonerock v. Miller Bros. Paving, Inc. (1991),72 Ohio App.3d 123, 594 N.E.2d 94.
For the foregoing reasons, plaintiffs-appellants' sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and PATTON, J., CONCUR.
 _____________________________ MICHAEL J. CORRIGAN JUDGE
[1] Plaintiffs-appellants have provided a partial transcript of proceedings on appeal containing only defendant-appellee's closing argument.