OPINION
This is an appeal from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Lowell J. Crites, appeals the trial court's judgment granting the motion to set aside a judgment filed by appellee, Mary T. Crites.
Appellant and appellee were married on October 18, 1969. On January 14, 1988, appellee filed for divorce, and on April 10, 1989, the trial court issued a divorce decree. As part of the decree, appellant was ordered to pay appellee spousal support, and a division of property was granted. On August 15, 1990, appellee filed a "Motion to Order Defendant [appellant] to Comply with Former Order of Court and Motion in Contempt." The trial court issued a judgment entry on December 19, 1990, which stated that the motion was dismissed for want of prosecution.
On February 5, 1999, appellant filed a motion to terminate spousal support.[1] A hearing before the magistrate took place on March 9, 1999, and was continued on May 11, 1999.[2] In a decision dated May 28, 1999, the magistrate granted appellant's motion to terminate spousal support and dismissed appellee's motion regarding the division of property. The magistrate reasoned that he dismissed appellee's motion because she testified that she had received a $38,000 property division check ten years ago. There was no other testimony at either hearing on that issue. In a judgment entry dated June 8, 1999, the trial court adopted the magistrate's decision. Appellee filed objections to the magistrate's decision on June 9, 1999. The trial court overruled appellee's objections on June 18, 1999, since there was no "transcript of the record filed."
On June 22, 1999, appellee filed a motion to set aside the June 18, 1999 judgment "and that she be granted a hearing on her Objections to the Magistrate['s] Decision." She also alleged that she did not have an opportunity to secure a transcript. Thereafter, on September 1, 1999, appellee filed a "Motion to Set Aside Judgment," with an attached affidavit, arguing that the magistrate's decision of May 28, 1999, be remanded and set aside as "being totally in correct [sic] and not in conformity with the facts and the evidence." In that motion, appellee explained that she had received a check for $38,049.74, but it was not a total payment of the property division.
On September 30, 1999, a hearing was conducted on appellee's motion to set aside the judgment. However, no transcript of that proceeding was included in the appellate record. Following the hearing, in an entry dated December 7, 1999, the trial court ordered that the matter be referred back to the magistrate "for additional findings as to the property division." Appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court erred in granting appellee's motion to set aside judgment."
 Appellant's sole contention is that the trial court abused its discretion by granting appellee's motion to set aside the judgment. Appellant claims that appellee failed to state her grounds under Civ.R. 60(B) and also that she restated a prior contention raised in an August 15, 1990 motion, which was later dismissed.
In the instant matter, the appellate record did not include a transcript of the September 30, 1999 hearing on appellee's motion to set aside the judgment. An appellate court is restricted to explore only those matters, which are contained in the record before it. Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74; see, also,Tonkinson v. Tonkinson (Nov. 3, 1995), Trumbull App. No. 95-T-5235, unreported, at 1, 1995 WL 803584. On appeal, an appellant has the duty to provide a transcript of pertinent proceedings. Tonkinson, supra, at 1. Furthermore, App.R. 9 requires an appellant to demonstrate an alleged error through references to the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Accordingly, without a transcript of the hearing or some other acceptable alternative as set out in App.R. 9, a reviewing court must presume the regularity of the trial court proceedings, as well as the validity of its judgment. Tonkinson, supra, at 1.
Here, since appellant has failed to present a transcript from the hearing or a suitable alternative with which to demonstrate the alleged error, this court presumes regularity in the trial court's proceedings on the matter. Therefore, appellant's sole assignment of error lacks merit and is overruled.
The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
_____________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., GRENDELL, J., concur.
[1] We are unable to ascertain from the record whether appellee filed another motion regarding the property division issue, or whether she made an oral motion at the outset of the March 9, 1999 hearing.
[2] We note that transcripts from both the March 9, 1999 and May 11, 1999 hearings were contained in the record.