OPINION
Mark and Sally Sarver appeal from a judgment of the Xenia Municipal Court Small Claims Division in favor of Priscilla Kyles in the amount of $1,490 plus interest and costs.
This matter began on October 13, 2000 when Ms. Kyles filed her complaint alleging that the Sarvers rented a house to her which failed to meet the requirements of the Xenia Housing Code and as a result she sustained damages in the amount of $3,000.
In its judgment entry, the trial court noted that the matter was heard on January 30, 2001 and that both parties testified regarding the merits of the action. The trial court then noted the following:
 The Court finds that Plaintiff entered into rental of the premises and took occupancy on September 4, 2000. She paid the sum of $700.00 rental and $535.00 rental and deposit for the premises. The condition of the premises was not suitable for a family to inhabit, which included a damaged ceiling and defective furnace, and was not timely repaired by Defendants. This was confirmed by the testimony of the Xenia Building Inspector. As a result, on October 20, 2000 Plaintiff and her child were required to vacate the premises.
 The Court finds that Plaintiff did not receive the benefit of the bargain of the rental of the premises, and is entitled to the return of her rental and deposit. Further, she is entitled to moving expenses of $100.00, and phone reconnecting expenses of $155.00. Accordingly, the Court issues the following Order.
The Sarvers timely appealed but failed to order and file with us a transcript of the proceedings before the trial court. They did file a "brief" with us on April 27, 2001 in which Mark Sarver stated the trial judge heard the case in only fifteen minutes "not enough time to hear everything." Priscilla Kyles responded on July 13, 2001 with a long "brief" outlining the facts underlying the controversy from her point of view. The Sarvers responded with a "brief" on July 30, 3001 stating their position about the rent dispute between the parties.
It is axiomatic that, as an appellate court, we are confined to reviewing the record and testimony which was presented to the trial court. Under App.R. 9, if the appellant intends to argue on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the weight of the evidence, he must include in the record a transcript of all evidence relevant to such findings or conclusions. Ostrander v. Parker-Fallis Insulation Co. (1972),29 Ohio St.2d 72.
The vast majority of small claims controversies end with the judgment of the municipal court. Although the unrepresented litigant can often adequately represent himself or herself in the municipal court, he or she is ill equipped to represent themselves in an appeal before the court of appeals. In this appeal, the Sarvers neglected to order and file with us a transcript of the testimony presented to the trial court and therefore the claimed error of the trial court cannot be demonstrated to us. Bakerv. Cuyahoga Cty Court of Common Pleas (1978), 61 Ohio App.3d 59.
The judgment of the trial court is Affirmed.
BROGAN, J., GRADY, J., and YOUNG, J., concur.