OPINION
{¶ 1} Sherry Hennen ("appellant") appeals the decision of the Trumbull County Common Pleas Court, Juvenile Division. In its decision, the trial court found that appellant's sons, David ("DJ") and Cayden, were dependent children for the purposes of custodial guardianship. For the following reasons, we affirm the judgment of the trial court in this matter.
 {¶ 2} Appellant was awarded custody of DJ and Cayden subsequent to a May 2000 divorce decree. Following the divorce, the record indicates that DJ, at various times, was hospitalized for several unexplained medical emergencies. The record also indicates that DJ has been hospitalized since July 2000, as a result of the unexplained medical emergencies.
 {¶ 3} On August 8, 2001, the Trumbull County Children Services Board ("TCCSB") filed a Complaint for Dependency against appellant. In that complaint, TCCSB alleged that DJ and Cayden were dependent, minor children, pursuant to R.C. 2151.04(C).
 {¶ 4} At the time the TCCSB filed its complaint, David Hennen, appellant's ex-husband, filed a Motion for Ex Parte Relief with the Trumbull County Domestic Relations Court on August 14, 2001. In that motion, David Hennen requested exclusive possessory rights of Cayden and sought to limit the visitation between appellant and DJ. The Trumbull County Domestic Relations Court granted David Hennen's motion on August 14, 2001.
 {¶ 5} On August 31, 2001, the domestic and juvenile proceedings were consolidated under the juvenile proceeding. After a Shelter Care Hearing on Aug. 31, 2001, the magistrate issued a decision on Sept. 4, 2001. In that decision, the magistrate continued the order of the Domestic Relations Court with respect to Cayden, and ordered TCCSB to assume the responsibility of arranging supervised visits with DJ for both parents.
 {¶ 6} A full adjudicatory hearing regarding this matter was held on September 17, 2001. Following the hearing, the magistrate issued a finding of dependency stating: "The condition of DJ and the environment he is exposed to, is such to warrant the State, in the interest of the child, in assuming court jurisdiction over him and guardianship over his person, as a dependent child. Further, as the same environment is now affecting Cayden, he too is dependent." On October 2, 2001, appellant filed an objection to the magistrate's decision. The trial court adopted the magistrate's finding of dependency in an order dated October 3, 2001. On December 14, 2001, the trial court overruled appellant's original objection to the magistrate's finding of dependency.
 {¶ 7} A dispositional hearing was held on October 12, 2001. At the conclusion of the dispositional hearing, the magistrate found that it was in the best interests of DJ and Cayden to adhere to the previous court orders regarding custody and visitation. No objections were filed as to the magistrate's decision of October 12, 2001. Subsequently, the trial court adopted and journalized the magistrate's order on January 10, 2002. This appeal followed, and appellant asserts one assignment of error for our review:
 {¶ 8} "[1.] The trial court erred to the detriment of appellant by issuing a finding of dependency without evidence to support it."
 {¶ 9} Before proceeding with our analysis, we find it necessary to address an argument raised by appellee pertaining to the timeliness of this appeal. Appellee argues that the trial court's order, overruling appellant's dependency objection on December 14, 2001, was a final appealable order. However, appellee fails to cite any law that would support this argument. An adjudication by a juvenile court that a child is "neglected" or "dependent" as defined in R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a "final order" within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02. In re Murray (1990), 52 Ohio St.3d 155, syllabus. (Emphasis added.)
 {¶ 10} In this case, the magistrate recommended a finding of dependency on September 17, 2001. The trial court then adopted and journalized the magistrate's recommendation on October 3, 2001. At that point, the trial court's judgment entry clearly indicated that any custody rulings were "pre-dispositional." This is confirmed by the fact that the trial court checked the box marked "pre-disposition" on the judgment entry. Based on the dispositional requirement of Murray, supra, a final appealable order did not yet exist. On October 12, 2001, a dispositional hearing was held pursuant to the requirements of R.C. 2151.353. However, the record is clear that the trial court did not adopt and journalize the magistrate's dispositional recommendations until January 10, 2002. This was confirmed as the trial court checked the R.C. 2151.353 disposition box on page two of its Jan. 10, 2002 judgment entry. Thus, it was not until January 10, 2002, that both an adjudication of dependency and a disposition of temporary custody pursuant to R.C. 2151.353(A)(2) existed. Based on the above, we determine that under Murray, a final appealable order did not exist in this case until January 10, 2002. Thus, appellant properly appealed the trial court's January 10, 2002 judgment entry.[1]
 {¶ 11} In her sole assignment of error, appellant argues that the evidence presented at the September 17, 2001 adjudicatory hearing was insufficient to warrant a finding of dependency by the trial court.
 {¶ 12} In an attempt to provide this court with a transcript of the record, appellant and her counsel have provided this court with a videotaped copy of the hearing in question. However, appellant, to her detriment, has failed to provide this court with a copy of the written transcripts from that hearing.
 {¶ 13} A videotape recording of the proceedings "constitutes the transcript of proceedings other than hereinafter provided, ***. When the transcript of proceedings is in the videotape medium, counsel shall typeor print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." App.R. 9(A); Bateman v. Shipman (Sept. 29, 2000), 11th Dist. No. 99-T-0118, 2000 Ohio App. LEXIS 4563; State v. Tirabasso (Sept. 22, 2000), 11th Dist. No. 99-G-2235, 2000 Ohio App. LEXIS 4332. (Emphasis added.)
 {¶ 14} If appellant "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript ofall evidence relevant to the findings or conclusion." App.R. 9(B); Harttv. Munobe, 67 Ohio St.3d 3, 1993-Ohio-177; Ostrander v. Parker-FallisInsulation Co. (1972), 29 Ohio St.2d 72. (Emphasis added.)
 {¶ 15} As noted above, appellant attempts to raise the argument that the evidence presented at the adjudicatory hearing fails to support the findings of the magistrate in this case. However, appellant and her counsel, in violation of the rules of this court, have failed to incorporate any written transcripts into the record now before us for review.
 {¶ 16} The duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edward Laboratories (1980), 61 Ohio St.2d 197. This is necessarily so "because an appellant bears the burden of showing error by reference to matters in the record." Id. Due to the absence of a written transcript from the adjudicatory hearing as required by App.R. 9, this court is unable to review appellant's argument relating to the evidence presented at the hearing. Accordingly, without a transcript of the hearing or some other acceptable alternative as set forth in App.R. 9, this court must presume the regularity of the trial court's proceedings in this case, as well as the validity of its judgment, since appellant cannot demonstrate the claimed error. Knapp, supra; Byron v.Carlin, 11th Dist. No. 2000-L-169, 2001-Ohio-8716, 2001 Ohio App. LEXIS 5654.
 {¶ 17} The charge of balancing the safety and health of a child, against the inherent rights of parentage, is certainly one of the most daunting and delicate functions of this court. To think otherwise would be disingenuous. Thus, even though the regularity and validity of the proceedings below are presumed in this case, the importance and seriousness of this case compel us to note that the facts, as contained in the findings of the trial court, would seem to support the trial court's decision in this case.
 {¶ 18} Based on the foregoing reasons, appellant's sole assignment of error is not well taken and without merit. The decision of the trial court in this matter is hereby affirmed.
DONALD R. FORD, J., concurs.
[1] Briefly, we note that appellant filed her appeal on February 19, 2002. This appeal was rendered timely, as the clerk of court's office did not issue notice of the trial court's judgment until January 17, 2002. The details of this late notice are discussed in our judgment entry dated July 9, 2002.