OPINION
{¶ 1} Robert and Harriet Gauthier ("appellants") appeal the September 19, 2002 decision of the Ashtabula Municipal Court. In that decision, the trial court found that appellants, along with defendants Aimie and Matt Wilson ("Wilsons"), were jointly liable to R.G. Slocum Plumbing ("appellee") in the amount of $2,592.27. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} The trial court made the following findings of fact based on evidence presented at the July 10 and August 14, 2002 hearings. Appellants originally contracted with the Wilsons to perform renovations on appellants' property, located in Austinburg, Ohio, for the sum of $17,750. As work on the renovation project progressed, the need arose to obtain the services of a qualified plumber. With the approval of appellants, the Wilsons procured the services of appellee. Appellee rendered his services relative to the renovation between October 3, 2001 and October 15, 2001. However, prior to appellee rendering his services, a disagreement arose between the Wilsons and appellants. As a result of the disagreement, appellants "made no payments to Wilson after October 3, 2001." The trial court also found that appellee had no knowledge of the disagreement between appellants and the Wilsons. Once the work had been completed by appellee, an invoice was submitted to the Wilsons in the amount of $2,592.27. Neither the Wilsons nor appellants agreed to pay appellee for his services. As a result, appellee brought the instant action against appellants and the Wilsons.
 {¶ 3} After hearing testimony on the matter, the trial court found appellants and the Wilsons jointly liable to appellee for the full amount of $2,592.27. This timely appeal followed. Appellants, proceeding pro se, assert the following six assignments of error for our review:
 {¶ 4} "[1.] The trial court erred to the prejudice of the defendant appellant, by making Gauthier (homeowner) a active party in a contract of which he was not a party to, had no knowledge about, and made him jointly liable, in a breach of contract between Gauthier's general contractor, Wilson, and Wilson's sub-contractor Slocum, for non payment by Wilson (general contractor).
 {¶ 5} "[2.] The trial court erred to the prejudice of the defendant appellant, by listening to two different case's, 02-CVI-00183 first and case 02-CVI-00435 second. The trial court then, accidentally mixed up the two cases. There was an oral contract in case, 02-CVI-00183, between contractor to his sub-contractor and a written contract in case 02-CVI-00435 between contractor and homeowner. The Judgment, Findings of fact, and Law Discussion are written on, and refer to, the contract and information in case, 02-CVI-00435, the wrong case. Little if any, is written on the oral contract case.
 {¶ 6} "[3.] The trial court erred to the prejudice of the defendant appellant, because the date's [sic] assigned by the trial court in the Trial Court's Judgment, T.d. 46 A-F, "Finding's [sic] of fact and "Law and Discussion" are erroneous to the case being heard, 02-CVI-00183, Slocum v. Wilson's oral contract. They are not the date "a dispute arose between Gauthier and Wilson" and the date of a "stop payment on a check to Wilson." They are only found in case 02-CVI-00435, Gauthier (homeowner) and Wilson's (general contractor) written contract.
 {¶ 7} "[4.] The trial court erred to the prejudice of the defendant appellant, by after assigning erroneous dates, the court used these dates to assign Gauthier as the contracting party, opening up "Theories of Recovery" for the plaintiff, Slocum.
 {¶ 8} "[5.] The trial court erred to the prejudice of the defendant appellant, by over looking the money and contract authorized purchases Gauthier already paid the general contractor Wilson in his contract 02-CVI-00435. By over looking the consideration, the court then allowed Gauthier to be a party in case 02-CVI-00183, Slocum v. Wilson (contractor) Gauthier (homeowner). Having given Wilson, general contractor a total $15,119.16 so far on a total contract of $17,750.00, Wilson had the money and did not pay Slocum, his sub-contractor, Gauthier should not have been a party.
 {¶ 9} "[6.] The trial court erred to the prejudice of the defendant appellant, in not remembering Gauthier's letter to the court, T.d. 39 A-P, Para [sic] 6 9 that unequivocally states to Slocum, prior to his being hired, in front of, and verified by Wilson, "I will not pay you, you will have to get your money from Mr. Wilson."
 {¶ 10} Throughout their brief, appellants consistently question the trial court's findings of fact in this case, as well as the weight and sufficiency of the evidence presented. The trial court's judgment entry indicates that evidence was taken on both July 10, 2002 and August 14, 2002. In their attempts to refute the trial court's findings in this matter, appellants have provided this court with a partial transcript from the August 14th hearing. However, appellants have failed to provide this court with a copy of the transcript from the July 10, 2002 hearing. Furthermore, the transcript in our possession indicates that it is a "partial transcript of proceedings" from Ashtabula Municipal Court Case No. 02 CVI 00435. In that case, Harriet and Robert Gauthier are the Plaintiffs, while the Wilsons are listed as the Defendants. The appeal filed in the instant case was taken from Ashtabula Municipal Court Case No. 02 CVI 00183. There is no further evidence indicating that the trial court ever consolidated the two above-mentioned cases.
 {¶ 11} If appellant "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript ofall evidence relevant to the findings or conclusion." App.R. 9(B); Harttv. Munobe, 67 Ohio St.3d 3, 1993-Ohio-177; Ostrander v. Parker FallsInsulation Co. (1972), 29 Ohio St.2d 72. (Emphasis added.) Additionally, the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edward Laboratories (1980), 61 Ohio St.2d 197. This is necessarily so "because an appellant bears the burden of showing error by reference to matters in the record." Id. at 199. Due to the absence of a written transcript from the July 10, 2002 hearing as required by App.R. 9, this court is unable to review appellants' arguments relating to the evidence presented at the hearing. Accordingly, without a transcript of the hearing or some other acceptable alternative as set forth in App.R. 9, this court must presume the regularity of the trial court's proceedings in this case, as well as the validity of its judgment. Knapp, supra; Byron v. Carlin, 11th Dist. No. 2000-L-169, 2001-Ohio-8716, 2001 Ohio App. LEXIS 5654. While the validity of the trial court's judgment must be presumed in the absence of a transcript, this court must still examine the trial court's application of the rule of law.
 {¶ 12} After thoroughly reviewing the trial court's decision, we conclude that the trial court properly applied the contractual theories of quantum meruit, unjust enrichment, and estoppel in finding appellants liable to appellee. Further, appellants have failed to file a complete transcript of the trial court proceedings in this case. While appellants are proceeding pro se, "pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209, 210.
 {¶ 13} Due to appellants' failure to present this court with a complete transcript of the hearings below, we must presume the regularity of the trial court's proceedings, as well as the validity of its judgment. Additionally, the trial court properly applied the above-mentioned contractual theories on which appellee could recover. Appellants' first, second, third, fourth, fifth, and sixth assignments of error are overruled. For the foregoing reasons, the Sept. 19, 2002 decision of the Ashtabula Municipal Court is hereby affirmed.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.