JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Leroy Richards, appeals from a Cleveland Municipal Court order finding him liable to plaintiff-appellee, Donald Lynch, Jr., on Lynch's small claims complaint to recover $1,500 he paid for an appraisal. Richards argues that the court erred by entering judgment against him alone, although his co-defendant was a necessary party. He further argues that the court erred by failing to require Lynch to produce the contract between the parties, that the court erred by accepting hearsay evidence that a lender rejected the appraisal Richards prepared, and by finding that Richards accepted $1500 for the appraisal.
 {¶ 2} Lynch filed his complaint in the small claims division of the Cleveland Municipal Court on December 15, 2005, alleging that he paid Richards[1] and co-defendant Sonya Sampson a total of $1,500 on July 8, 2005 for the appraisal of a commercial property, that the appraisal he received was a residential appraisal, and that it was rejected by lenders for that reason. He sought judgment for the amount of the fee he paid plus interest from the date he paid it.
 {¶ 3} Richards was served on December 27, 2005; certified mail service on Sampson was returned "addressee unknown." The case was set for trial on January 19, 2006, but did not proceed on that date. Instead, the magistrate ordered the case to be returned to the clerk pending service on Sampson. *Page 4 
 {¶ 4} On May 9, 2006, Lynch filed a notice of dismissal indicating that he was dismissing his claims against Sampson only, without prejudice. The magistrate then issued an order dismissing Lynch's claim against Sampson and scheduling the hearing as to his claim against Richards for June 15, 2006 at 10:00 a.m. The order indicates that a copy of the court's decision was mailed to plaintiff and defendants on May 11, 2006.
 {¶ 5} On June 16, 2006, the magistrate's decision was mailed to the parties. This decision noted that Lynch was present at the June 15 hearing but that Richards was not, and rendered judgment for Lynch and against Richards for $1,500 plus interest at the rate of six percent per annum from July 8, 2005. Richards filed both objections to the magistrate's decision and a request for findings of fact and conclusions of law on June 23, 2006. Although the court approved and confirmed the magistrate's decision with a judgment entry filed on June 27, 2006 and appellant filed his appeal from this order on July 26, 2006, the magistrate subsequently filed a decision including findings of fact and conclusions of law which the court approved and confirmed on August 16, 2006.
 {¶ 6} Initially, we note that Richards' notice of appeal was premature, in light of his request for findings of fact and conclusions of law. See App.R. 4(B). We will treat the notice as having been filed immediately after the court's approval and confirmation of the magistrate's findings and conclusions. App.R. 4(C). *Page 5 
 {¶ 7} In his first assignment of error, Richards contends that Sampson was a necessary party to this action because the complaint alleged that the $1,500 appraisal fee was paid to both Richards and Sampson. Richards further claims that there was no evidence that any part of the money was tendered to him.
 {¶ 8} Although Richards was not required to file an answer, Local Rule 13.01 of the Cleveland Municipal Court, he did need to appear and defend if he wished to assert any defenses to Lynch's claims. By failing either to answer the complaint or to otherwise appear and defend, Richards waived any argument that Sampson was a necessary party to this litigation. Cf. Civ.R. 12(H)(2); Civ.R. 19(A); Civ.R. 19.1(A). Richards has not provided us with a transcript of the proceedings before the magistrate. Accordingly, he cannot demonstrate on the record that there was no evidence that Lynch tendered money to him. See App.R. 9(B) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence * * *, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."); Ostrander v. Parker-Fallis Insulation Co. (1972),29 Ohio St.2d 72, 74. The first assignment of error is overruled.
 {¶ 9} The second assignment of error claims the court erred by failing to require Lynch to produce the appraisal on which his claim was based. In the third assignment of error, Richards argues that "it was inadmissible hearsay to allow the testimony of the appellee to establish extra-judicially, that an undisclosed lender rejected the subject appraisal because it was residential." Finally, Richards' fourth *Page 6 
assignment of error asserts that there was no evidence to support the finding that he accepted any money from Lynch. As noted above, however, Richards failed to provide us with a transcript of the proceedings before the magistrate, so, we cannot determine what evidence was presented to the trial court. Accordingly, we must presume the regularity of the proceedings below. The second, third and fourth assignments of error are therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and MARY J. BOYLE, J., CONCUR.
[1] The complaint in the small claims court file lists the appellant as Leroy Richard while the caption in this appeal names him as Leroy Richards. For consistency, we will use the name Richards throughout this opinion. *Page 1