OPINION
{¶ 1} Defendant-appellant James R. Short appeals from his conviction and fine for violating Versailles Village Ordinance 452.05(a), which provides as follows:
 {¶ 2} "No person shall leave any motor vehicle, other than an abandoned junk motor vehicle, as defined in Ohio R.C. 4513.63, on private residential or private *Page 2 
agricultural property for more than four hours without the permission of the person having the right to the possession of the property, or on a public street or other property open to the public for purposes of vehicular travel, or upon or within the right-of-way of any road or highway, for 48 hours or longer, without notification to the Chief of Police of the reasons for leaving the motor vehicle in such place."
 {¶ 3} Although Short has not provided us with any assignments of error, as required by App. R. 16(A)(3), from his brief we infer his sole assignment of error to be as follows:
 {¶ 4} "THE TRIAL COURT'S FINDING THAT THE DEFENDANT'S CONDUCT WAS WILFUL IS NOT SUPPORTED BY THE EVIDENCE, OR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} It is an interesting question whether wilfulness is an essential element of the offense of which Short was convicted. Although the sub-section of the ordinance Short was charged with having violated — 452.05(a) — does not specify wilfulness, or any other mental culpability state, the title of the entire section — "Willfully Leaving Vehicles on Private or Public Property" — suggests that wilfulness is an essential element. On the other hand, it is a familiar principle of statutory construction that title, chapter and section headings do not constitute any part of the law. See, e.g., R.C. 1.01. And, the essential element of "willfully" is expressly set forth in Section 452.05(e)(1) of the ordinance, thereby suggesting that the Versailles legislative authority knew how to include a wilfulness element when it desired to do so, so that the omission of the word "willfully" in *Page 3 
Section 452.05(a) implies the absence of that element in that subsection of the ordinance.
 {¶ 6} Even if we assume, for purposes of analysis, that wilfulness is an essential element of the offense of which Short was convicted, Short is not entitled to the reversal of his conviction on this record. When an appellant assigns as error that a judgment of a trial court is unsupported by the evidence or is against the manifest weight of the evidence, the appellant must demonstrate that error in the record by including therein all portions of the transcript relevant to the contested issues — in this case, the element of wilfulness. App. R. 9(B); Ostrander v. Parker-Fallis (1972), 29 Ohio St.2d 72, 74.
 {¶ 7} Short has not provided any transcript of the evidence at his trial. Therefore, the record does not support the error he assigns. Accordingly, that assignment of error is overruled, and the judgment of the trial court is Affirmed.
GRADY and FROELICH, JJ., concur. *Page 1