JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, the Alex Solomon Family Limited Partnership, appeals from a municipal court order permanently enjoining "[t]he defendant, its employees, agents, and those acting in concert with or at the direction of the defendant * * * from operating a haunted house/haunted hollow at the premises located at 5100 Pearl Road, Cleveland, Ohio, until the defendant applies for and receives a certificate of occupancy for such use." Appellant contends that the court erred by failing to recognize that its business was "grandfathered" under state and local laws. Appellant also argues that the court did not require the plaintiff-appellee, the City of Cleveland, to prove its case by clear and convincing evidence. We find no error in the proceedings below and affirm the municipal court's decision.
 {¶ 2} The city instituted this proceeding by filing a complaint for injunctive and other relief on October 10, 2006. The complaint alleged that the appellant operated a haunted house amusement in a portion of a building which appellant owned at 5100 Pearl Road, Cleveland, Ohio. The city issued a violation notice to appellant on September 28, 2005 which informed appellant of various violations of the city's building, housing and fire codes, including the lack of a certificate of occupancy for amusement use. The notice required appellant to abate these violations within thirty days. Appellant did not abate all of the violations, and in particular, did not obtain a certificate of occupancy. *Page 4 
One year later, on September 28, 2006, the city's fire marshal issued a notice informing appellant that it could not use the property for amusement purposes until a certificate of occupancy was obtained. Nevertheless, appellant opened the haunted house amusement on the weekend of September 29, 2006. The city sought a preliminary and permanent injunction to prevent appellants from using and occupying the building without compliance with the city's building, housing and fire codes.
 {¶ 3} Contemporaneous with the filing of the complaint, the city also filed a motion for a temporary restraining order. The magistrate conducted a hearing on this matter with both parties present and issued a decision recommending that the court grant the motion in part, restraining the appellant from operating at the premises unless and until all existing signs were made operable and a fire watch was in place. The court approved the magistrate's report, entered the temporary restraining order on October 16, 2006, and set the case for "hearing on the City's request for preliminary injunction." The court subsequently denied the City's request for preliminary injunction.
 {¶ 4} On May 21, 2007, the city filed a motion for summary judgment. The court overruled this motion on June 26, 2007 and proceeded to trial before the magistrate on July 11, 2007. The magistrate concluded that the city had proved by clear and convincing evidence that the appellant operated a haunted house at the premises without the required certificate of occupancy and *Page 5 
recommended that the court grant judgment for the city on its complaint. The court approved the magistrate's decision on the same day the decision was filed. Appellant subsequently filed objections, which the court overruled in a judgment entry journalized September 25, 2007. This appeal followed.
 {¶ 5} Appellant first asserts that the court erred by enjoining it from operating the haunted house because its business was "grandfathered" under the Ohio Building Code, which was adopted by the City at Cleveland Codified Ordinances 3111.01. The building code is set forth at Ohio Admin. Code 4101:1-1 et seq. It provides, in pertinent part: "The occupancy of any structure currently existing on the date of adoption of this code shall be permitted to continue without change provided there are no orders of the building official pending, no evidence of fraud, or no serious safety or sanitation hazard." Ohio Admin. Code 4101:1-1-01, Section 102.6. Appellant claims that it has operated the haunted house since 1983, and that the building code was adopted some time more than two years thereafter.
 {¶ 6} The municipal court addressed this issue in ruling on appellant's objections to the magistrate's decision. The court concluded that the city's certificate of occupancy requirement was a land use regulation governed by the city's zoning code, not its building code. The city's zoning code, at Cleveland Codified Ordinance § 327.02(c), requires that "[t]here shall be no change or substitution in the use of any existing building or premises and no extension of *Page 6 
any existing use, nor shall any premises be occupied for any new use, until a certificate of occupancy has been issued." The zoning code includes an exception for prior non-conforming uses, Cleveland Codified Ordinance § 359.01, but the code was adopted in 1929, long before appellant first used these premises as a haunted house, so this exception does not afford appellant any relief.
 {¶ 7} We find the municipal court's analysis to be convincing. Furthermore, even if both the zoning code and the building code created applicable certificate of occupancy requirements, and even if appellant was "grandfathered" out of the building code requirement, appellant still was required to comply with the zoning code's preexisting requirement for a certificate of occupancy.[1] Therefore, we overrule the first assignment of error.
 {¶ 8} The second assignment of error contends that the city did not meet its burden of proving its case by clear and convincing evidence. A transcript of the proceedings below is necessary for us to address this question. Appellant has not provided us with a transcript of the trial before the magistrate. Consequently, we must presume the regularity of the proceedings below. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19; Ostrander v. Parker-Fallis Insulation Co. (1972),29 Ohio St.2d 72. *Page 7 
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR.
[1] At oral argument, appellant's counsel disclosed that appellant had applied for an occupancy permit, but the city had neither granted nor denied it. It is not clear whether this application was made before or after the trial court entered judgment. We express no opinion about the city's reported delay in ruling on the application or about whether appellant may qualify for the occupancy permit. *Page 1