[Cite as *V.W. v. L.W.*, 2024-Ohio-5110.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [V.W.], | : | |
| Plaintiff-Appellant, | : | |
| | | No. 24AP-309 |
| v. | : | (C.P.C. No. 24DV-0626) |
| [L.W.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 24, 2024

**On brief:** [*V.W.*], pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, V.W., appeals from the May 3, 2024 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying her petition for an ex parte domestic violence protection order ("DVCPO") against defendant-appellee, L.W., following a full evidentiary hearing. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On March 29, 2024, V.W. filed a pro se petition seeking an ex parte DVCPO against her sister, L.W., under R.C. 3113.31 in connection with a child custody proceeding. In the addendum to the petition, V.W. alleged that L.W. had threatened her with physical violence and about matters regarding the custody of V.W.'s children. Following an ex parte hearing on that petition, the trial court entered a temporary order of protection applying to V.W. and her minor children and scheduled a full evidentiary hearing on V.W.'s petition.

{¶ 3} Both parties appeared at the full evidentiary hearing on May 2, 2024. After hearing oral arguments from the parties, the trial court found V.W. failed to prove by a

preponderance of the evidence that she and her children were entitled to the requested protection order under R.C. 3113.31. The trial court memorialized its denial of her petition in a judgment entry filed on May 3, 2024.

{¶ 4} V.W. timely appealed from that entry and asserts a sole assignment of error for our review:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION
> IN DISMISSING [V.W.'S] ACTION.

## II. ANALYSIS

{¶ 5} A person may petition a domestic relations court or a common pleas court for a DVCPO under R.C. 3113.31. After holding an ex parte hearing on that petition, a court may issue an ex parte DVCPO "for good cause shown." R.C. 3113.31(D)(1). If a court issues an ex parte DVCPO, it must schedule a "full hearing" within seven or ten days, depending on the restrictions contained in the order and contingent upon successful service upon the respondent. R.C. 3113.31(D)(2)(a). *See also* Civ.R. 65.1(C). On review of the record before us, we note the full hearing was delayed because efforts to serve the respondent failed.

{¶ 6} At a full hearing on a DVCPO petition, the trial court must give the respondent "notice of, and an opportunity to be heard." R.C. 3113.31(D)(2)(a). Following the presentation of evidence by the parties, the trial court may either dismiss the ex parte civil protection order or grant the protection order. R.C. 3113.31(E)(1). To grant a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus, citing R.C. 3113.31(D).

{¶ 7} Because a trial court may only issue a protection order under R.C. 3113.31 if a preponderance of the evidence demonstrates the danger of domestic violence, V.W. must point to evidence in the record showing she met this burden in order to demonstrate the trial court erred in denying her petition. However, the transcript from the May 2024 full hearing on her petition is not in the record before us.

{¶ 8} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. Indeed, App.R. 9 requires an appellant to submit to the appellate

court a transcript of the trial court proceedings the appellant deems necessary for the appellate court's review. App.R. 9(B). *See also Elhag v. Babiker*, 10th Dist. No. 19AP-117, 2019-Ohio-3912, ¶ 7.

{¶ 9} Nothing in the record before us indicates that a transcript for the May 2024 hearing was ever requested or that a transcript would not have been available to V.W. had she requested it. And, even if no transcript is available, App.R. 9(C) and (D) provide alternatives for an appellant. *See Elhag* at ¶ 7. If a transcript of the hearing was not available, then V.W. had a duty to either prepare and file a statement of the evidence under App.R. 9(C) or obtain and submit an agreed statement under App.R. 9(D). *See* App.R. 9(B)(4). But V.W. did neither.

{¶ 10} Without a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), an appellate court has no alternative but to presume the regularity of the proceedings and the validity of the judgment in the trial court. *See*, *e.g.*, *Ostrander v. Parker-Fallis Insulation Co., Inc.*, 29 Ohio St.2d 72, 74 (1972). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also J. Griffin Ricker Assocs., LLC v. Well*, 10th Dist. No. 21AP-29, 2022-Ohio-1470, ¶ 17-18 (noting "the lack of the transcript independently support[ed] overruling" appellant's assignment of error).

{¶ 11} Because the appellate record in this case does not include a transcript of the proceedings or an acceptable alternative under App.R. 9(C) or (D), we must presume the regularity of the trial court's proceedings and ruling, and affirm its May 3, 2024 judgment. As such, we overrule V.W.'s sole assignment of error.

## III. CONCLUSION

{¶ 12} Having overruled V.W.'s sole assignment of error, we affirm the May 3, 2024 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

_____