OPINION
{¶ 1} Defendant-appellant Wayne Shelton appeals his February 13, 2002, conviction and sentence in the Muskingum County Court on one count of injuring animals, in violation of R.C. 959.02. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 15, 2001, defendant-appellant Wayne Shelton [hereinafter appellant] was charged with one count of criminal damaging, in violation of R.C. 2909.06, and one count of injuring animals, in violation of R.C. 959.02(A)(1). The charges arose from appellant's shooting of a six month old wire haired terrier dog.
 {¶ 3} A bench trial was conducted on January 29, 2002. By Judgment Entry filed February 1, 2002, appellant was found guilty of endangering animals and not guilty of criminal damaging. A sentencing hearing was held on February 13, 2002. Appellant was sentenced to 90 days in jail, 60 days of which were suspended, and ordered to pay a fine of $250.00 plus costs. It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 4} "I. The evidence did not support defendant's conviction for criminal damaging and injuring animals.
 {¶ 5} "II. The trial court erred when it imposed a thirty day sentence for criminal damaging and injuring animals."
 I {¶ 6} In appellant's first assignment of error, appellant contends that the evidence did not support appellant's conviction for criminal damaging and injuring animals[1]. Specifically, appellant argues that there was not sufficient evidence to indicate who was the true owner of the dog.
 {¶ 7} When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, as in this instance, the appellant must include in the record all portions of the transcript relevant to the contested issues. App.R. 9(B); Ostranderv. Parker Fallis Insulation Co. (1972), 29 Ohio St.2d 72,278 N.E.2d 363. . . ." Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314, 549 N.E.2d 1237 (citing Knapp V. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384);Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617. If such a transcript is unavailable, an appellant can file either a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement of the record under App.R. 9(D).
 {¶ 8} Although appellant has raised an issue concerning the sufficiency of the evidence, appellant has failed to provide a transcript of the trial or a statement pursuant to App.R. 9. Absent an adequate record, a reviewing court is unable to evaluate the merits of an appellant's argument on appeal and a presumption of regularity attends the trial court's actions. See Rheinstrom v. Steiner (1904), 69 Ohio St. 452,69 N.E. 745.
 {¶ 9} Because appellant failed to submit a transcript of the trial court proceedings or App.R. 9 statement, this court will presume the validity of the trial court's actions. Accordingly, appellant's first assignment of error is overruled.
 II {¶ 10} In the second assignment of error, appellant argues that the trial court abused its discretion when it imposed a thirty day sentence for criminal damaging and injuring animals without consideration of the mitigating, statutory criteria of R.C. 2929.12(C).[2] We disagree.
 {¶ 11} R.C. 2929.22 addresses the imposition of sentence for misdemeanor offenses. Revised Code 2929.22 provides factors that a sentencing court is to consider and incorporates additional factors found in R.C. 2929.12(C) and (E).[3]
 {¶ 12} Where the jail term imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C. 2929.22 in the absence of an affirmative showing that it failed to do so. State v. Toney (Dec. 18, 2001), Holmes App. No. 01-CA-004, 2001 WL 1744698 (citing State v. Trail (October 4, 2001), Richland Appellate No. 01-CA-12, 2001 WL 1194455). Paragraphs A — D of R.C. 2929.22 do not require the trial court to state on the record that it has considered the criteria, nor does the statute require the court to discuss the criteria. Id. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." State v. Adams
(1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; State v. Cyrus (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94.
 {¶ 13} Appellant was convicted of injuring animals, in violation of R.C. 959.02(A)(1), a misdemeanor of the second degree. R.C. 959.99.[4]
The term of imprisonment for a misdemeanor of the second degree shall not be more than ninety days. R.C. 2929.21(B)(2). Appellant was sentenced to ninety days of imprisonment with sixty of those days suspended. Appellant was ordered to serve the remaining thirty days.
 {¶ 14} In the instant case, the sentence is within the statutory parameters. We find nothing in the record presented to this court to demonstrate that the trial court did not consider the criteria. We therefore must presume the trial court considered the appropriate factors.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} The judgment of the Muskingum County Court is affirmed.
By Edwards, J., Gwin, P.J. and Wise, J. concur.
In Re: Injuring Animals
[1] Although appellant's assignment of error asserts that appellant was convicted of both criminal damaging and injuring animals, this court's independent review of the record found that appellant was convicted of injuring animals only. However, the charges upon which appellant was convicted are irrelevant to this court's disposition.
[2] Appellant does not raise an issue regarding the imposition of both a fine and imprisonment. Appellant limits his issue to the imposition of thirty days in jail.
[3] Revised Code 2929.22 provides the following guidance, in relevant part:
"(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
"(B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
"(a) The offender is a repeat or dangerous offender.
"(b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
"(c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian custodian, or person in loco parentis of one or more of those children.
"(2) If the offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender.
"(C) The criteria listed in divisions (C) and (E) of section 2929 .12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
"(D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
The factors referred to in sections (C) and (E) of R.C. 2929.12
provide as follows:
"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
"(2) In committing the offense, the offender acted under strong provocation.
"(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 * * *
"(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
"(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
"(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
"(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
"(4) The offense was committed under circumstances not likely to recur.
"(5) The offender shows genuine remorse for the offense."
[4] Again we note that appellant was not convicted of both charges. Appellant was only convicted of injuring animals.