[Cite as *In re B.B.*, 2011-Ohio-3265.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96262

---

## IN RE: B.B.
## Minor Child

## [APPEAL BY PAM PALOVICH]

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 08100383

**BEFORE:** Cooney, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 30, 2011

**ATTORNEY FOR APPELLANT**

Michael L. Thal
1785 East 47th Street
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:  Yvonnne C. Billingsley
Assistant County Prosecutor
3955 Euclid Avenue, Room 305E
Cleveland, Ohio 44115


**GUARDIAN AD LITEM**

Donald W. Ristity
27700 Bishop Park Drive
Suite 906
Willoughby Hills, Ohio 44092


COLLEEN CONWAY COONEY, J.:

{¶ 1}  Plaintiff-appellant, Pam Palovich ("Palovich"), appeals the juvenile court's denial of her motion to waive jurisdiction. For the following reasons, we dismiss for lack of a final, appealable order.

{¶ 2}  On May 24, 2010, Palovich was awarded legal custody of a minor child, B.B. In August 2010, Palovich filed a petition in probate court for adoption of B.B.   In November

2010, Palovich was granted guardianship of B.B. by the probate court. Palovich claims that the probate court informed her that it was necessary for the juvenile court to relinquish jurisdiction in order for the probate court to proceed with the adoption petition. Therefore, Palovich filed a motion with the juvenile court, requesting that the court waive jurisdiction. In December 2010, the juvenile court memorialized its denial of Palovich's motion in a journal entry.

{¶ 3} Palovich now appeals the juvenile court order and raises one assignment of error. She argues that the juvenile court erred in not relinquishing jurisdiction to the probate court pursuant to R.C. 5103.16(D).

{¶ 4} As an initial matter, we note that Palovich has failed to provide any evidence to substantiate her claim that the probate court refused to proceed with her adoption petition without a juvenile court order waiving jurisdiction. The appellant has the burden of providing a record that exemplifies the claimed error. See *In re Edwards* (1996), 117 Ohio App.3d 108, 111, 690 N.E.2d 22; *State v. Drake* (1991), 73 Ohio App.3d 640, 647-648, 598 N.E.2d 115. In *Fraley v. Skwarski* (Oct. 20, 1994), Cuyahoga App. No. 66658, this court has found that:

> "[i]t is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. App. Rules 9 and 10; *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19-20; *Knapp v.*

*Edwards Laboratories* (1976), 61 Ohio St.3d 197, 199; *Ostrander v. Parker-Fallis Insulation Co., Inc.* (1972), 29 Ohio St.2d 72, 74. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court. Id."

{¶ 5} Thus, without any documentation to exemplify Palovich's claim, we must presume regularity.

{¶ 6} In addition, we must address whether the juvenile court journal entry from which Palovich appeals is a final, appealable order. This court's jurisdiction is limited to the review of final orders of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.

{¶ 7} R.C. 2505.02 provides:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 8} The juvenile court's journal entry denying Palovich's motion does not meet the statutory definition of a final, appealable order pursuant to R.C. 2505.02. The juvenile court's refusal to waive jurisdiction does not affect a substantial right nor does it determine the action that Palovich is pursuing. It is clear from the applicable statutory language that Palovich has viable options regarding her adoption petition. Pertinent case law provides that "the continuing jurisdiction of the juvenile court does not present a jurisdictional bar to adoption proceedings in the probate court. * * * *In re Adoption of Biddle* (1958), 168 Ohio St. 209, 6 O.O.2d 4, 152 N.E.2d 105." *State ex rel. Hitchcock v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1994), 97 Ohio App.3d 600, 647 N.E.2d 208. Although R.C. Chapter 3107 vests exclusive jurisdiction over adoption proceedings in the probate court, R.C. 2151.353(E)(1) provides that the juvenile court retains jurisdiction until "the child is adopted

and a final decree of adoption is issued * * *." If anything, it would appear that Palovich's remedy is to appeal the probate court's denial of her adoption petition.[1]

{¶ 9} Thus, this court lacks jurisdiction to consider this appeal due to the lack of a final, appealable order.

{¶ 10} Accordingly, this appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[1] In her one-paragraph argument contained in her brief, Palovich repeatedly complains of the probate court's refusal to exercise jurisdiction regarding the adoption process. Yet, she is appealing the juvenile court's ruling refusing to waive jurisdiction.