[Cite as *State v. Rembert*, 2011-Ohio-4961.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96536**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BOBBY REMBERT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.CR-519444

**BEFORE:**    Blackmon, P.J., Sweeney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    September 29, 2011

**FOR APPELLANT**

Bobby Rembert, Pro Se
Inmate No. 582970
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

**{¶ 1}**  On January 6, 2009, a Cuyahoga County Grand Jury indicted appellant Bobby Rembert on one count of attempted aggravated murder with one-and three-year firearm specifications, notice of a prior conviction, repeat violent offender specification, carrying a concealed weapon, and two counts of having a weapon under disability. Thereafter, he pleaded not guilty at his arraignment and numerous pretrials ensued.

**{¶ 2}**  Ultimately, Rembert retracted his not guilty pleas and pleaded guilty to the indicted charges. Days later, the trial court sentenced Rembert to an aggregate prison term of 29 years and six months.  On February 9, 2011, Rembert filed a motion to withdraw his guilty pleas, which the trial court denied.

{¶ 3} Rembert now appeals, pro se, the trial court's denial of his motion to withdraw his guilty pleas and assigns the following errors for our review:

**"I. The trial court erred when it accepted appellant's guilty plea without the proper assurance that it was being made knowingly and intelligently."**

**"II. The trial court accepted appellant's guilty plea without properly informing him of the degree of felonies he was pleading guilty to."**

**"III. Trial court erred by not informing appellant that in pleading guilty he would be subject to post release control as a mandatory part of his sentence."**

**"IV. If a defendant pleads guilty only because of what counsel tells him he has been assured is going to happen and after the guilty plea, it doesn't happen. Can this court find that the plea was voluntarily made or was it made under false pretense/beliefs or influenced under misguided advice through counsel?"**

{¶ 4} On May 10, 2011, we sua sponte dismissed this appeal because Rembert failed to file the record of the trial court's proceedings. Rembert subsequently filed an affidavit of indigency causing the record on appeal, including the pagination page, as well as his criminal file to be forwarded to this court. Thereafter, we reinstated the appeal. However, Rembert did not file a transcript of the plea hearing.

{¶ 5} In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. The failure to file the transcript prevents an appellate court from reviewing the appellant's

assignments of error. *State v. Turner*, Cuyahoga App. No. 91695, 2008-Ohio-6648, ¶13, appeal not allowed, 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655.

**{¶ 6}** Thus, absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court. *In re B.B.*, Cuyahoga App. No. 96262, 2011-Ohio-3265, citing *Ostrander v. Parker–Fallis Insulation Co., Inc.* (1972), 29 Ohio St.2d 72, 74. Accordingly, we overrule Rembert's assigned errors.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
EILEEN A. GALLAGHER, J., CONCUR