[Cite as *State v. Jackson*, 2011-Ohio-6069.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   92531

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART,**
**AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-505342

**BEFORE:**   Boyle, P.J., Rocco, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   November 23, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1}   This matter is before the court on remand from the Ohio Supreme Court.

{¶ 2}   Following a jury trial, defendant-Michael Jackson was convicted of a single count of rape, R.C. 2907.02(A)(2), and a single count of unlawful conduct with a minor, R.C. 2907.04(A), which carried a furthermore clause alleging that Jackson is ten or more years older than the victim.

**{¶ 3}** At sentencing, the trial court imposed four years for the rape count and four years for unlawful sexual conduct with a minor, both to be served concurrently.

**{¶ 4}** On direct appeal, we affirmed in part and reversed in part the trial court's judgment. *State v. Jackson*, 8th Dist. No. 92531, 2010-Ohio-3080. We affirmed Jackson's convictions for both counts but sustained his fifth and seventh assignments of error, finding that there was insufficient evidence to support the furthermore clause attached to the unlawful sexual conduct with a minor count and that the trial court erred by failing to merge the rape and unlawful sexual conduct with a minor as allied offenses. Id. at ¶55 and 66. In sustaining the allied offenses assignment of error, we remanded the matter for the state to elect which allied offense to pursue in a new sentencing hearing. Id. at ¶66.

**{¶ 5}** The state appealed to the Ohio Supreme Court our resolution of Jackson's seventh assignment of error, which found that the two offenses should have merged at sentencing as allied offenses of similar import. Jackson filed a cross appeal, challenging his conviction and the length of his sentence. The Ohio Supreme Court accepted the state's appeal but denied Jackson's cross appeal.

**{¶ 6}** On August 29, 2011, the Ohio Supreme Court issued a judgment entry, remanding the case to our court for application of its decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Accordingly, we now turn to the issue of

allied offenses raised in Jackson's seventh assignment of error and apply *Johnson* as ordered by the Ohio Supreme Court.

SEVENTH ASSIGNMENT OF ERROR:

{¶ 7}  "Defendant was denied due process of law when the court failed to merge the conviction of rape with the conviction for unlawful sexual conduct with a minor."

{¶ 8}  Jackson was convicted of rape under R.C. 2907.02(A)(2), which provides as follows:

{¶ 9}  "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 10} Jackson was also convicted of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), which provides as follows:

{¶ 11} "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶ 12} The state's evidence at trial was as follows: in May 2007, the victim, S.C., who was 15 years old at the time and friends with Jackson's younger sister, was approached by Jackson while watching television alone in the living room of Jackson's apartment.   Jackson came out of his bedroom and told S.C. that he was psychic and that he knew that S.C. was

gay. Jackson then started touching S.C.'s legs and initiated the sexual conduct, taking off S.C.'s shorts and placing his penis inside him. Jackson continued and ultimately ejaculated inside of S.C. As a result of this conduct, the jury found Jackson guilty of rape and unlawful sexual conduct with a minor.

{¶ 13} Ohio's multiple counts statute, R.C. 2941.25, provides:

{¶ 14} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 15} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 16} In *Johnson*, the Ohio Supreme announced a new two-part test to determine whether offenses are allied offenses of similar import under R.C. 2941.25; Id. Under this new test, the first inquiry focuses on "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." Id. at ¶48. In making such a determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is whether it is possible for both offenses to be committed with the same

conduct. *State v. Roy*, 12th Dist. No. CA2009-11-290, 2011-Ohio-1992, ¶10, citing *Johnson* at ¶48.

{¶ 17} If it is found that the offenses can be committed by the same conduct, the court must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶50. If the answer to both questions is yes, then the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶50. However, if the commission of one offense will *never* result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶51.

{¶ 18} Applying the *Johnson* analysis to this case, we must first determine if it is possible for rape in violation of R.C. 2907.02(A)(2), and unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), to be committed with the same conduct. And as we previously noted in *Jackson I*, "we find that the commission of rape wholly subsumes the commission of the unlawful sexual conduct with a minor." Id. at ¶64; see, also, *State v. Grant*, 5th Dist. No. 07CA32, 2008-Ohio-3429. We therefore find that the first prong of the *Johnson* test is answered in the affirmative.

{¶ 19} Having found that it is possible for rape and unlawful sexual conduct with a minor to be committed with the same conduct, the *Johnson* analysis now requires this court to determine whether Jackson committed the offenses by way of a single act and with a single state of mind. Id. at ¶49; R.C. 2941.25(B).

{¶ 20} As this court recognized in *Jackson I*, Jackson's conduct in May 2007 in the living room of his apartment gave rise to both convictions. Id. at ¶65. Indeed, "there was no evidence in this case to suggest that the unlawful sexual conduct with a minor was anything but incidental to the rape." Id. There was no separate animus and both offenses arose from the same conduct. Therefore, under the facts and circumstances of this case, and in applying the *Johnson* analysis to the case at bar, we find these offenses to be allied offenses of similar import that must be merged.

{¶ 21} As we previously noted, the state, however, retains the right to elect which offense to pursue on a remand to the trial court after appeal. *Jackson I*, 2010-Ohio-3080, ¶ 66, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph one of the syllabus. We therefore sustain Jackson's seventh assignment of error and remand to the trial court for a new sentencing hearing consistent with the holding in *Whitfield*.

{¶ 22} The other aspects of our opinion in *Jackson I* (addressing Jackson's six other assignments of error) are otherwise left intact by the Ohio Supreme Court's remand and

remain unchanged. The judgment of the trial court is reversed as to sentencing, and this matter is remanded to the lower court for further proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part, and case remanded.

It is ordered that appellee and appellant share the costs of this proceeding.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
JAMES J. SWEENEY, J., CONCUR