[Cite as *State v. Peterson*, 2012-Ohio-87.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96958

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAMIEN L. PETERSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-388072

BEFORE:    Blackmon, A.J., Cooney, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:    January 12, 2012

**APPELLANT, PRO SE**

Damien Peterson
Inmate No. 503-884
Marion Correctional Institution
940 Marion Williamsport Road
P.O. Box 57
Marion, Ohio 43302

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶ 1}** In this accelerated appeal, appellant Damien Peterson, pro se, appeals the trial court's denial of his motion to vacate void sentencing journal entry and assigns the following error for our review:

> "I. The trial court erred when denying appellant's motion to vacate void sentencing / judgment of conviction."

**{¶ 2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} On May 16, 2001, a jury found Peterson guilty of aggravated robbery and felonious assault. The trial court imposed a four-year term of imprisonment for each crime and ordered Peterson to serve the terms concurrently. We affirmed Peterson's conviction in *State v. Peterson*, Cuyahoga App. No. 80606, 2002-Ohio-4165. Peterson completed the term of imprisonment, was released, re-offended, and is currently incarcerated on a new case, which includes a repeat violent offender specification.

{¶ 4} On November12, 2010, presumably to avoid the additional penalty on the new case, Peterson filed a motion to vacate his original sentence on the grounds that it was void because of the trial court's failure to properly advise or impose postrelease control. The state opposed the motion as an untimely petition for postconviction relief. On May 25, 2011, the trial court denied Peterson's motion to vacate the original sentence. This appeal followed.

## Motion to Vacate Void Sentence

{¶ 5} In his sole assigned error, Peterson argues the trial court erred when it denied his motion to vacate his sentence and conviction. We disagree.

{¶ 6} If a defendant is subject to postrelease control, the trial court must notify him of postrelease control at the sentencing hearing, and must include the postrelease control terms in the sentence, or the sentence is void. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at the syllabus; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864.

{¶ 7} Regarding Peterson's challenge to the trial court's advisement of postrelease control during his sentencing hearing, we note that we have not been provided with a transcript of the sentencing hearing. In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. The failure to file the transcript prevents this court from reviewing the appellant's assignments of error. *State v. Gresham*, Cuyahoga App. No. 96735, 2011-Ohio-5930, citing *State v. Turner*, Cuyahoga App. No. 91695, 2008-Ohio-6648,¶13, appeal not allowed, 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655.

{¶ 8} Absent certification of an adequate record, a reviewing court presumes regularity of the proceedings and affirms the judgment of the trial court. *In re B.B.,* Cuyahoga App. No. 96262, 2011-Ohio-3265, citing *Ostrander v. Parker–Fallis Insulation Co., Inc.* (1972), 29 Ohio St.2d 72, 278 N.E.2d 363. See, also, *State v. Rembert*, Cuyahoga App. No. 96536, 2011-Ohio-4961.

{¶ 9} Regarding Peterson's additional claim that in the sentencing journal entry the trial court improperly sentenced him to postrelease control for the "maximum period allowed," but failed to set forth the mandatory nature, the number of years, and the consequences of a violation, we note that in *State v. Bailey*, Cuyahoga App. No. 93994, 2010-Ohio-1874, this court considered a journal entry of sentence that stated "post release

control is a part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." This court determined that this language was sufficient, where the oral notifications were proper.

{¶ 10} It is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors and impose postrelease control at resentencing. *Bezak*. The *Bezak* court explained:

> "However, in this case, Bezak has already served the prison term ordered by the trial court, and therefore he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at Bezak's original sentencing hearing. In order that its record may be complete, the trial court is instructed to note on the record of Bezak's sentence that because he has completed his sentence, Bezak will not be subject to resentencing pursuant to our decision." *Bezak* at ¶18.

{¶ 11} Similarly, in *State v. Cobb*, Cuyahoga App. No. 93404, 2010-Ohio-5118, this court noted that it is the expiration of the sentence for which postrelease control is applicable that determines whether a court may correct a sentencing error and impose postrelease control at resentencing.

{¶ 12} Nonetheless, Peterson urges us to vacate his entire sentence and conviction because he can no longer be resentenced. However, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held, "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." Id. at ¶26.

{¶ 13} Hence, only the void portion of Peterson's sentence is vacated and not the whole sentence as he urges. Given that Peterson has completed his sentence for aggravated robbery and felonious assault, he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing. *Bezak.*

{¶ 14} The trial court properly denied Peterson's motion to vacate the sentencing journal entry and judgment of conviction. Accordingly, we overrule the sole assigned error. Nonetheless, in order that its record may be complete, the trial court is instructed to note on the record of Peterson's sentence that because he

{¶ 15} has completed the prison term for the aggravated robbery and felonious assault charges, he will not be subject to postrelease control pursuant to our decision. See *State v. Brown*, Cuyahoga App. No. 95086, 2011-Ohio-345.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR