[Cite as *State v. Jackson*, 2012-Ohio-2052.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 92531**


# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL JACKSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-505342
Application for Reopening
Motion No. 449795


**RELEASE DATE:** May 4, 2012

-i-

**FOR APPELLANT**

Michael Jackson, pro se
Inmate No. 560-241
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, OH 43950


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant Prosecuting Attorney
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} On November 28, 2011, the applicant, Michael Jackson, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Jackson,* 8th Dist. No. 92531, 2010-Ohio-3080, in which this court affirmed in part, reversed in part and remanded Jackson's convictions and sentences for rape and unlawful sexual conduct with a minor.[1]   Jackson claims that his appellate counsel was ineffective because, *inter alia,* he did not argue ineffective assistance of trial counsel in the formation of trial strategy and did not argue that the trial court erred in denying Jackson's Crim.R. 29 motion for acquital.   The state of Ohio filed its brief in opposition on January 29, 2012, and Jackson filed a response on February 8, 2012.   For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the

---

[1]The jury convicted Jackson on one count of rape and one count of unlawful sexual conduct with a minor; it found him not guilty on three other counts of rape.   On appeal, this court ruled that there was insufficient evidence to support the furthermore clause on the unlawful sexual conduct count which increased the degree of the offense, and that the rape and the unlawful sexual conduct charges were allied offenses.   The state of Ohio conceded an assignment of error that the trial court did not properly advise Jackson on postrelease control. This court remanded for further proceedings consistent with its opinion.

decision unless the applicant shows good cause for filing at a later time. In the present case this court journalized its decision on July 1, 2010, and Jackson did not file his application until late November 2011. Thus, the application is untimely on its face.

{¶3} In effort to show good cause, Jackson argues that his appellate counsel continued to represent him before the Supreme Court of Ohio when the state of Ohio appealed the allied offenses issue. Thus, he was prevented from filing his application to reopen because if he fired his appellate counsel, he would lose his representation before the Supreme Court of Ohio and would not be able to hire new counsel. He relies upon *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714(2003) for the proposition that "a claim of ineffective assistance of counsel could not be mounted at the requisite time because petitioner still was being represented by the ineffective lawyer." (Pg. 3 of the application.)[2]

{¶4} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467,

---

[2] When the state appealed, Jackson's appellate counsel tried to file a cross-appeal. The supreme court accepted the state's appeal, but denied the cross-appeal. *State v. Jackson*, Supreme Court of Ohio Case No. 2010-1542. Jackson's appellate counsel continued to represent him throughout those proceedings. On August 11, 2011, the supreme court remanded Jackson's case to this court to apply *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, to the issue of allied offenses. Without further briefing from the parties, this court on November 23, 2011, applied *Johnson*, and again concluded that the charges of rape and unlawful sexual conduct with a minor were allied offenses. *State v. Jackson*, 8th Dist. 92531, 2011-Ohio-6069. Jackson does not argue that his application is timely because it was filed within 90 days of the latter opinion, and this court does not decide the matter.

2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, rejected this argument. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves.

{¶5} Furthermore, Jackson's reliance on *Massaro* is misplaced. In *Massaro* the Court held that the failure to argue ineffective assistance of trial counsel on direct appeal does not prevent the defendant from raising the issue in a 28 U.S.C. 2255 motion to vacate. The Court adopted this rule as a matter of judicial efficiency for federal procedure and not as a constitutional requirement. It does not hold that continued representation by appellate counsel provides good cause for untimely filing of a remedy. Jackson does not establish good cause for his untimely filing.

{¶6} Accordingly, this court denies the application to reopen.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR