[Cite as *State v. Lipscomb*, 2013-Ohio-4474.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99533

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARIO LIPSCOMB

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-560883 and CR-564043

**BEFORE:**  Jones, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**  October 10, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
The Leader Building
Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Milko Cecez
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Mario Lipscomb, appeals the 18-month prison sentence imposed after he violated his probation in Cuyahoga C.P. No. CR-560883.   We affirm.

{¶2} In May 2012, Lipscomb pleaded guilty to one count of domestic violence, in CR-560883, a felony of the fourth degree.   In June 2012, the trial court sentenced him to 12 months of community control sanctions and indicated that a violation of the sanctions could result in the court imposing a sentence of 18 months in prison and a $5,000 fine.

{¶3} In September 2012, Lipscomb pleaded guilty to one count of theft and one count of criminal damaging in Cuyahoga C.P. No. CR-564043.   On October 18, 2012, the trial court sentenced him to 12 months of community control sanctions, ordered him to pay restitution in the amount of $390, and indicated that if he violated the conditions of his sanctions he could be subject to a sentence of 12 months in prison for theft, 90 days in jail for criminal damaging, and a fine totaling $3,250.   The trial court also ordered Lipscomb to complete an offender program at the local community-based correctional facility.

{¶4} Also on October 18, 2012, the trial court issued a journal entry in which it stated that it held a probation violation hearing in CR-560883 and found Lipscomb to be in violation of his probation, but was continuing him on community control sanctions.

{¶5} On January 29, 2013, the trial court held a second probation violation hearing, this time on both cases.   The court determined that Lipscomb violated the conditions of his probation as he had been released from the community-based

correctional facility without successfully completing the program. The trial court imposed an aggregate sentence of 18 months in prison, including 18 months for the domestic violence conviction in CR-560883.

{¶6} Lipscomb filed a timely notice of appeal, and raised the following assignment of error for our review:

[I.] The trial court was without jurisdiction and abused its discretion and violated Appellant's constitutional and statutory rights when it sentenced Appellant to prison although it never notified Appellant at the violation hearing or in the journal entry.

{¶7} In his sole assignment of error, Lipscomb contends that the trial court was without jurisdiction or authority to impose an 18-month prison sentence in CR-560883 because the trial court did not inform him at his October 18, 2012 violation hearing that he could be imprisoned if he violated the terms of his community control sanctions.

{¶8} To support his argument, Lipscomb cites *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, in which the Ohio Supreme Court held that

> [p]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*Id*. at paragraph one of the syllabus.

{¶9} In *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, the court expanded upon *Brooks*, and held, pursuant to the same statutes, that

a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for such a subsequent violation.

*Fraley* at ¶ 18. Thus, before a trial court sentences an offender to prison for a subsequent violation of his or her community control sanctions, that offender must have been notified at his or her violation hearing that said prison term could be imposed.

{¶10} As previously mentioned, Lipscomb claims the trial court failed to inform him at the October 18, 2012 violation hearing in CR-560883 that he was subject to an 18-month prison sentence if he violated his sanctions; therefore, the trial court was without the authority to impose the sentence at the January 29, 2013 violation hearing. Lipscomb bases his argument on the October 18, 2012 journal entry, which did not state that Lipscomb would be subject to imprisonment, let alone the specific sentence that could be imposed, should he violate the terms of his community control sanctions.

{¶11} The state argues that the trial court retained the authority to impose the sentence because Lipscomb was notified at his initial June 2012 sentencing hearing that if he violated the conditions of his community control sanctions he could be subject to an 18-month prison sentence, and there is no evidence, other than the October 18, 2012 journal entry, that a probation violation hearing was actually held on that date. Therefore, according to the state, although the trial court issued a journal entry stating it held a hearing, it probably did not really hold a hearing and, therefore, the initial sentence should control.

**{¶12}** We disagree with both parties' arguments. The docket in CR-560883 indicates that the trial court held a probation violation hearing on October 18, 2012; therefore, absent concrete evidence to the contrary, this court will presume that the trial court held the hearing. If a court reporter was present for the hearing, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for this court to evaluate the trial court's decision.[1] *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87, ¶ 7; App.R. 9(B).

**{¶13}** If Lipscomb was unable to secure a transcript from the October 18, 2012 probation violation hearing in CR-560883, he could have prepared an App.R. 9(C) statement of proceedings.[2]

**{¶14}** The failure to file the transcript or an App.R. 9(C) statement of the proceedings prevents this court from reviewing Lipscomb's argument that he was not properly informed at his October 18, 2012 probation violation hearing of the possible prison sentence if he violated the terms of his community control sanctions. *See Peterson* at *id.* Consequently, absent certification of an adequate record, this reviewing

---

[1] The record on appeal includes a transcript dated October 18, 2012, but the transcript is from the sentencing hearing on CR-564043.

[2] App.R. 9(C) provides, in part, that "[i]f no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." The statement is then served on the appellee for objections or proposed amendments and then submitted to the trial court for settlement and approval. *Id.* Finally, the clerk of the trial court includes the statement in the record on appeal. *Id.*

court presumes regularity of the proceedings and affirms the judgment of the trial court. *Id.* at ¶ 8; *see also In re B.B.*, 8th Dist. Cuyahoga No. 96262, 2011-Ohio-3265.

{¶15} The sole assignment of error is overruled. The case is remanded for correction of the October 18, 2012 journal entry to indicate the specific prison sentence the trial court imposed.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR