[Cite as *State v. Jackson*, 2014-Ohio-2648.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100519**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL JACKSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-505342

**BEFORE:** McCormack, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

Mark Gallagher
Towards Employment, Inc.
1255 Euclid Avenue
Suite 300
Cleveland, OH 44115


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Michael Jackson appeals from the trial court's judgment that imposed postrelease control at a resentencing hearing after he already completed his sentence. The law is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct the errors regarding postrelease control by resentencing. The state concedes the error.

## Procedural History

**{¶2}** This case has a lengthy procedural history, unrelated to the postrelease control issue before us in this appeal. In 2008, Jackson was indicted for four counts of rape and four counts of unlawful sexual conduct with a minor; the latter counts carried a "furthermore" clause alleging that Jackson was at least ten years older than the victim. The case was tried to a jury. The jury found him guilty of one count of rape and one count of unlawful sexual conduct with a minor. At sentencing, the trial court heard mitigation testimony and sentenced Jackson to four years on each count, to run concurrently.

**{¶3}** In his direct appeal, this court affirmed Jackson's conviction but vacated the "furthermore" finding in connection with his offense of unlawful sexual conduct with a minor. This court also concluded that the offenses of rape and unlawful sexual conduct

with a minor were allied offenses, and remanded for resentencing. *State v. Jackson*, 8th Dist. Cuyahoga No. 92531, 2010-Ohio-3080 ("*Jackson I*").

**{¶4}** The state appealed our decision to the Supreme Court of Ohio on the issue of allied offenses. The Supreme Court accepted review and remanded the case for further consideration in light of its decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Upon remand from the Supreme Court of Ohio, this court applied *Johnson* and, again, found the offenses to be allied. This court therefore remanded the case to the trial court for a new sentencing hearing, where the state would be allowed to elect which offense to pursue. *State v. Jackson*, 8th Dist. Cuyahoga No. 92531, 2011-Ohio-6069 ("*Jackson II*").

**{¶5}** *Jackson II* was issued on November 23, 2011. Before the trial court conducted the resentencing hearing, however, Jackson completed his sentence and was released from prison.

**{¶6}** Subsequently, on September 16, 2013, the resentencing hearing took place. The state elected to proceed on the rape count, and the trial court reimposed the original four-year sentence. The court also reimposed five years of postrelease control.

**{¶7}** Jackson appeals from the court's judgment. In this appeal, he claims the trial court erred in imposing the five-year postrelease control at his resentencing. We agree.

### This Appeal: Postrelease Control

**{¶8}** In his original sentencing, the trial court notified Jackson that his sentence included a mandatory period of five years of postrelease control. The trial court, however, failed to notify him, as it should have, of the consequences he would face if he violated the terms of his postrelease control. In his direct appeal, *Jackson I*, Jackson assigned as an error the trial court's failure to properly impose postrelease control. This court acknowledged the error.

**{¶9}** However, Jackson's resentencing did not take place until he had already completed his prison term. It is well settled that once the sentence for the offense that carries postrelease control has been served, the defendant cannot be resentenced to correct the trial court's flawed imposition of postrelease control. *State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, ¶ 14, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶70. *See also State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87; *State v. Cobb*, 8th Dist. Cuyahoga No. 93404, 2010-Ohio-5118.

**{¶10}** Appropriately, the state concedes the error. Accordingly, we sustain Jackson's sole assignment of error and vacate the trial court's imposition of postrelease control. This matter is remanded for the trial court to note on its record that Jackson is not subject to postrelease control.

**{¶11}** Judgment reversed, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR